THE MURRAY HILL MINING AND MILLING COM-
PANY, a Corporation, Respondent, v. WILLIAM
HAVENOR and ALBERT HEUSTED, Appellants.

### No. 1299.   (66 Pac. 762.)

1. **Mines: Adverse Claim: Claimant Must Rely on Strength of His Title.**

   Under Revised Statutes, United States, section 2326, providing that the party shown to be entitled to possession in a proceeding on an adverse claim to a mining claim may file a certified copy of the judgment roll and obtain a patent thereon, proceedings on an adverse claim are had for the purpose of determining which of the parties is entitled to such patent, and hence each must rely on the strength of his own title, and not the weakness of that of his adversary.

2. **Mines: Transfer of Realty: Articles of Incorporation: Statute of Frauds: Estoppel in Pais: Operation of Law.**

   Where locators of mining claims surrender possession to a corporation in pursuance of articles of incorporation reciting the transfer of such locations in consideration of paid-up shares of stock, and the corporation improved the property, but there was no further written evidence of conveyance, Compiled Laws 1888, section 3916, declaring that no estate in realty can be granted otherwise than by operation of law or subscribed instrument in writing, did not prevent the corporation from acquiring title, but accepting value for and allowing improvements upon the claims constituted an estoppel passing title by "operation of law."

3. **Same: Statute of Frauds: Defense: May be Waived: Privity Essential to Claim Benefit.**

   Where locators of mining claims surrendered possession to a corporation pursuant to provisions of the articles of incorporation, but without other written evidence of conveyance, the invalidity of such transfer under Compiled Laws 1888, section 3916, requiring a written instrument to transfer realty, can not be set up by a stranger to the transaction to impeach the title of the corporation.

4. **Appeal and Error: Findings of Fact.**

Findings of fact not clearly against the preponderance of the evidence will not be disturbed on appeal.

5. **Mines: Labor and Improvements: Relocation: Failure to File Affidavit.**

Under Revised Statutes United States, section 2324, providing that on failure to make improvements or perform labor, as required thereby, mining claims on which such failure occurs shall be open to relocation, a claim on which the required improvements have been made and labor performed is not rendered open to relocation by failure to file an affidavit of labor and improvements as required by Revised Statutes Utah, section 1500.

(Decided November 23, 1901.)

Appeal from the Fifth District Court, Juab County.—*Hon. E. V. Higgins,* Judge.

The defendants, having applied in the United States land office for a patent of the Havenor mining claim, and the plaintiff company having filed a protest and adverse claim, this suit was instituted by the plaintiff to determine the right of possession of the premises. From a judgment in favor of the plaintiff, the defendants appealed.

AFFIRMED.

*Messrs. Powers, Straup & Lippman* for appellants.

*William A. Lee, Esq., A. C. Bishop, Esq., Messrs. Patterson & Moyer* and *S. W. Darke, Esq.,* for respondent.

BASKIN, J.—The appellants, having applied in the United States land office at Salt Lake City for a patent of the Havenor mining claim, and the respondent having filed in said office a protest and adverse claim, this suit was instituted by the respondent, in pursuance of section 2326 of the Revised Statutes of the United States, to determine the question of

the right of possession of the premises adversely claimed by respondent. The application of the appellants was for a patent of the Havenor, which was located on or about the fourteenth of February, 1899, and embraces a portion of the Murray Hill, Sego Lily, and Silver Dick, claimed by the respondent under the location and a conveyance by the locators thereof to it. The portion of the latter mines so embraced, and which is set out in the complaint, constitutes the premises in controversy, and by the decree was awarded to the respondent.

In the stipulation of the attorneys for the respective parties, which is set forth in the record, the appellants admit certain paragraphs of the complaint, among which are the second, fourth, and all of the fifth except the first five lines, and which are as follows: "(2) That George Naylor, John W. Meyers, and George H. Murray, and each of them, were at all the times herein mentioned, and now are, citizens of the United States of America, and duly qualified to enter upon and explore the unoccupied mineral lands of the United States, and did enter upon and explore the premises, and discovered and located the Murray Hill, Sego Lily, and Silver Dick lode mining claims, on the seventeenth, eighteenth, and nineteenth days of August, 1896, respectively, and that each of said lode mining claims had thereon at the time of such location, and has now, a vein or lode of rock in place, bearing gold, silver, and other precious metals. (4) That at the time of the location of each of the said claims, respectively, the said several claims were mineral lands of the public domain, and entirely vacant and unoccupied, and were not owned, held, or claimed by any person or persons as mining ground or otherwise; and that while the same were so vacant, unoccupied, and unclaimed as aforesaid they were located as aforesaid, in accordance with the requirements of the laws of the United States, and the local customs, regulations, and rules of the said Tintic mining district, and the laws of the State of Utah; and that notices of such locations were duly posted, as required by law, upon each of

said claims; and that said notices were thereafter, on the seventeenth, twenty-first, and twenty-fourth days of August, 1896, respectively, duly filed for record, and recorded on pages 121, 130, and 136 of book U of the Tintic mining district, records of Juab county, State of Utah, now in the office of the county recorder of said Juab county, Utah. (5) That said locators remained continuously in possession of said claims, working upon the same, up to about April 10, 1897, and did perform work and labor upon each of said claims in the development thereof, to an amount exceeding in value the sum of one hundred dollars. That on or about the tenth day of April, 1897, the articles of agreement of the plaintiff company were duly executed by the respective incorporators thereof. That it was therein provided that the capital stock of said plaintiff company should be fixed at 250,000 shares of the par value of $1 per share, and that the same was fully paid up by the transfer to this plaintiff of the mining claims aforesaid as consideration for the organization of said corporation, and the issuance by it of its capital stock to the locators of said claims in amounts following, to-wit: to said George Naylor, 38,890 shares; to George H. Murray, 40,740 shares; and to John W. Meyers, 20,370 shares." Said stipulation, in addition to the foregoing admission of facts, contained the following provisions: "The said stipulation is intended to admit all facts in issue, as presented by the pleadings in said cause, except the following facts: (1) As to which of the said parties were in the actual possession of the property in dispute and during the times covered in the pleadings. (2) The question of the performance of work and labor and the development of said property in dispute, and the amounts thereof. That this stipulation of the said facts is made, nevertheless, subject to all objections that might be made as to relevancy, materiality, and competency of the admitted facts, the same as though proof were offered to prove the said admitted facts, and as though this stipulation had not been made." The locators of the Murray Hill, Sego

Lily, and Silver Dick, and several other persons, were the incorporators of the respondent company.    The articles of incorporation were signed by each of the incorporators, and duly acknowledged, and the oath required by law attached thereto. The articles contained the following provisions:    "In consideration of the transfer and conveyance by said George Naylor, John W. Meyers, and George H. Murray to the corporation of the properties hereinafter described, the said conveyance having been procured and caused to be made to the corporators herein named, the shares of stock herein set forth as subscribed by parties hereto, respectively, and the entire capital stock of the corporation are taken and to be considered fully paid stock, and said conveyance and transfer shall be deemed taken and considered full payment for said stock."    The property thereinafter described was the Murray Hill, Sego Lily, and Silver Dick.    No evidence in writing of a conveyance to the respondent of said mining claims, other than the articles of incorporation, was introduced, and it is conceded that no other written evidence of the same exists.    The trial court permitted the articles to be introduced over appellants' objection, which was that the same were incompetent, irrelevant, and immaterial.    The admission of the articles is assigned as error.

The specific grounds of the objection urged by appellants' counsel in their brief to the admission of the articles are that that instrument was not a conveyance, and under it no title was acquired by respondent to the premises therein mentioned.    The same point is raised by the assignment that the court erred in finding and decreeing that the respondent is the owner and entitled to the possession of the premises in dispute. As the foregoing assignments are intimately connected, they will be considered together.    The appellants contend that in this action "the respondent must recover, if at all, on the strength of its own title, and not on the weakness of that of the appellants;" that "a mining claim is real estate, . . . . and can not be transferred by parol, or otherwise than in ac-

cordance with the statute of frauds" of this state; that it (the respondent) "did not locate the claims, nor were the same conveyed to it by any instrument in writing by the locators; . . . and that there is no evidence in the case that it ever acquired any title to either of the claims in controversy, or any part thereof." This being a statutory action brought in pursuance of the provisions of section 2326 of the Revised Statutes of the United States, its purpose is to determine for the information of the land department, which, if either, of the parties, by a compliance with the mining laws, has acquired the right of possession of the mining premises in controversy. If both fail to establish such right, neither can recover; so that each must rely on the strength of his own title, and not on the weakness of his adversary. The rule in such statutory actions is different from the rule in actions of ejectment. Which, if either of the parties, has shown such right, is the controlling question in this case. If by the articles of incorporation, in connection with the acts of the parties to the same in relation thereto, the interests of the locators in the Murray Hill, Sego Lily, and Silver Dick claims passed to the respondent, then the articles were properly admitted; and if the interest in said claims was so acquired, and the respondent did not afterwards forfeit its right to the same by a failure to comply with the requirements of the mining laws and regulations, the judgment must be affirmed. Section 3916, Compiled Laws Utah 1888, upon which counsel for appellants laid great stress in their argument, is as follows: "No estate or interest in real property, other than for leases for a term not exceeding one year, nor any trust or power over or concerning it, or in any manner relating thereto, can be created, granted, assigned, surrendered, or declared, otherwise than by operation of law, or a conveyance or other instrument in writing, subscribed by the party creating, granting, assigning, surrendering the same, or by his lawful agent thereunto authorized by writing." Passing by the question as to whether the arti-

cles are such a "surrender" or "declaration" as contemplated by the statute, were they not, in connection with the acts of the parties to the same, sufficient, notwithstanding the statute, to pass the interests of the locators "by operation of law"? We think they were. Notwithstanding the statute of frauds, it is well settled that an estate in land may be transferred from one person to another by a verbal sale accompanied by possession; also by matter *in pais*. It is stated in Bigelow Estop. (5 Ed.), p. 453, that "estoppel *in pais* arises (1) from contract; (2) independently of contract, from act or conduct which has induced a change of position in accordance with the real or apparent intention of the party against whom the estoppel is alleged; and it designates some present or past fact fixed by or in virtue of the contract, or of the act or conduct in question." The vital principle of estoppel *in pais* is that he who, in his dealings and contracts speaks falsely, or is silent when conscience makes it his duty to reveal the truth, shall not be permitted to speak the truth when conscience requires him to be silent; that he who, by his language or conduct, leads another to believe that certain facts exist, and the other is induced thereby to make expenditures, incur liabilities, or to do what he otherwise would not have done, shall not, to the injury of the other, be permitted to dispute those facts, or by the enforcement of an adverse claim, based upon different facts, disappoint the expectations which his language or conduct inspired. No one is permitted by his language, silence, or conduct to mislead another to his injury. It appears from the articles of incorporation that the principal consideration and basis of the organization of the respondent company and the agreements of the incorporators was the recital in the articles as admitted facts that the Murray Hill, Sego Lily, and Silver Dick mining claims had been conveyed to the company by the locators of said mining claims in full payment of the stock of the corporation, and as consideration for the organization of the company, and the issuance by it of its capital stock to said

locators of said claims in the amounts stated in the fifth paragraph of the complaint, which, except the first five lines thereof, is admitted by the stipulation before mentioned, and that said locators were among the incorporators. It appears from the evidence that the company, after its incorporation, was put into possession of said mining claims, and under the direction, as general superintendent, of S. W. Darke, who was one of said incorporators, expended a considerable sum of money upon said mining claims.

Under the facts thus disclosed, it would be a fraud upon the company and the other stockholders for said locators to deny that said claims were conveyed to the respondent company, and they are therefore estopped from setting up the statute of frauds, for it is "well settled that equity will not allow the statute to be used as a means of effecting the fraud which it was designed to prevent." Kirk v. Hamilton, 102 U. S. 69-77, 26 L. Ed. 82. This is so at law as well as in equity, and an estoppel *in pais* may be pleaded as a defense in an action of ejectment. Dickerson v. Colgrove, 100 U. S. 578, 25 L. Ed. 618. As the locators are estopped from asserting any claim adverse to the respondent company, the right to the possession of said claims by estoppel *in pais* was passed to the company. Independent of that fact, as there is no privity between the appellants and said locators, the former are not in a position to claim the benefits of the statute, because the defense of the statute is a personal one, which the parties sought to be bound may waive, and therefore its benefits can not be claimed by a stranger to the transaction involved. Wood, St. Frauds, 877, 878; 9 Enc. Pl. and Prac., 703, and cases cited; Browne, St. Frauds, sec. 135. Said locators do not dispute the transfer to the respondent of said claims, but, on the contrary, by their acts at and subsequent to the time the company was incorporated have induced the company to rely and act upon the truth of the recitals in the articles respecting the transfer. The location of the Havenor

claim was made on or about the fourteenth of February, 1899, at a period subsequent to the incorporation of the respondent company.    The appellants claim that the evidence shows that at the time the Havenor was located, the Murray Hill, Sego Lily, and Silver Dick claims had been forfeited, and were subject to relocation by the failure of the claimants to annually perform the labor or make the improvements required by section 2324 of the United States Revised Statutes, and by a failure to file in the county recorder's office the affidavit of annual labor and improvements required by section 1500 of the Revised Statutes of Utah.    In respect to the first alleged ground of forfeiture the trial court found that the respondent "at all times since the said June, 1897, the date when it acquired the ownership of the said claims, has in good faith performed the annual labor and development work, and made the necessary improvements required by law to maintain its said locations."    While the evidence in relation to the subject of annual labor and improvements was conflicting, there was sufficient competent evidence to support this finding, and, as the trial judge had the witnesses before him, he was in a better position to judge of the weight of the testimony than the appellate court.    Where, as in this instance, the finding is not clearly against the preponderance of the evidence, the appellate court will not set it aside. We are of the opinion that it is a sufficient finding of an ultimate fact in issue.    In regard to the second alleged ground of forfeiture, it appears that the affidavit of labor and improvements was not filed by respondent in the county recorder's office within the time required by section 1500, Revised Statutes Utah, but was filed in said office after the location of the Havenor was made.    In section 2324, Revised Statutes United States, it is enacted that "upon a failure to comply with these conditions [which are the performance of the labor and the making of the improvements required by the statute] the claim or mine upon

24 Utah—6

which such failure occurred shall be open to relocation in the same manner as if no location of same had ever been made." From the foregoing provisions it is as clear as if it had been explicitly stated that, after a mining claim has been located in conformity with the mining laws and regulations, it is not subject to relocation as long as the locator or his successor in interest continues to perform the labor or make the improvements upon the same required by the United States mining law, and that such a locator, or his successor in interest, has a vested right in such a claim which can only be forfeited by a failure to comply with the conditions mentioned. It follows that the respondent did not forfeit its right by failing to file with the county recorder the affidavit required by section 1500, Revised Statutes Utah, and that the trial court did not err in permitting, over the objection of the appellants, the respondent to introduce evidence tending to show that it had performed the labor and made the improvements on its said claims as required by section 2324, Revised Statutes United States. The appellants made other objections, not embraced by the stipulation of the parties, which it is not necessary to decide, as the question presented to us under the stipulation, and which we have already passed upon, is decisive of the case. The facts disclosed by the record support the judgment of the lower court.

The judgment is affirmed, with costs.

MINER, C. J., and BARTCH, J., concur.