MOORE, RESPONDENT, *v.* SHERMAN ET AL., DEFENDANTS; PUMP, APPELLANT.

(No. 3,675.)

(Submitted May 18, 1916. Decided July 17, 1916.)

[159 Pac. 966.]

*Water Rights—Abandonment—Nonuser—Estoppel.*

Water Right by Appropriation—Is Property.
    1. A water right acquired by appropriation is property which at the death of the appropriator passes to his successor.
Same—Abandonment—What Constitutes.
    2. Abandonment of a water right, being a matter of intention, cannot exist in the absence of an intention to abandon.
Same—Nonuser—Effect.
    3. Nonuser of a water right for the period of the statute of limitations does not constitute abandonment of it.

Same—Abandonment—Estoppel.
 4. To uphold S.'s contention that P., the owner of a water right, was estopped to claim the right or to say that there was no intention on her part to abandon it, some representations must have been made or some position assumed by the latter upon which the former, having a right to do so, relied in good faith, and from which inequitable consequences must flow if the representations be repudiated or the position be changed.

Same—Estoppel by Silence.
 5. Before silence alone can work an estoppel, the person to be estopped must have had an intent to mislead or a willingness that another should be deceived, and the latter must have been misled by the silence.

[As to estoppel by acquiescence of silence, see notes in 57 **Am. Rep.** 429; 10 **Am. St. Rep.** 22.]

Same.
 6. Where no legal obligation rested upon a prior appropriator to make known his claim to a water right which he did not use, an estoppel cannot be claimed by a subsequent appropriator, even though he was injured by the recognition of the former right.

Same—Subsequent Appropriation—Notice of Adverse Claim.
 7. A subsequent appropriation of water is not any notice of an adverse claim.

*Appeal from District Court, Meagher County; John A. Matthews, Judge.*

ACTION by Perry J. Moore against Roy O. Sherman and Helen Pump. From a decree in favor of defendant Sherman and an order denying her motion for a new trial, defendant Pump appeals. Modified and affirmed.

*Messrs. Walsh, Nolan & Scallon,* for Appellant, submitted a brief; *Mr. C. B. Nolan* argued the cause orally.

*Messrs. Henry C.* and *Park Smith,* for Respondent, submitted a brief; *Mr. Park Smith* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This suit was instituted by Perry J. Moore to have determined the relative rights of several claimants to the use of the waters of the East Fork of Little Elk Creek, in Meagher county. Defendant Helen Pump was denied any right by virtue of a certain appropriation made by her predecessor in 1892, and it is

from the decree in so far as it denies this right, and from an order refusing a new trial that these appeals are prosecuted.

The trial court found that in 1892, F. Miller made an appropriation of fifty miner's inches for the irrigation of a desert claim then owned by him; that he used the water upon the land continuously until his death in 1903; that his widow, executrix of his last will, did not thereafter exercise such right at all; that in 1911 defendant Pump succeeded to the land and its appurtenances, and that she did not use the water nor assert any claim to the right up to the time she appeared in this action; that the ditch constructed in 1892 was suffered to become out of repair and to become overgrown and filled until it was practically indistinguishable upon the ground, was incapable of carrying water and gave no notice of its existence. Finding No. 15 is as follows: "That the said defendant Helen Pump did not show, or attempt to show, either by herself or her predecessors in interest, any use of the waters of Little Elk Creek through said 1892 ditch, or the exercise of act of dominion or ownership over the said ditch or water right by said Roy O. Sherman, but it does appear that neither the said Mrs. Miller, while managing said F. Miller estate, nor the said defendant Helen Pump, as successor in interest of said estate, had any conscious intent to abandon said ditch and water right, but, on the contrary, if they had any conscious thought on the subject, in their own minds did not intend to abandon the same, although said intention was not communicated, in any manner, to the public, and the said Mrs. F. Miller explained her failure to use the said water or ditch as being due to the amount of work involved in the management of said Miller estate property."

In what is denominated conclusion of law "E," the court declared that by failing "to so use any of said waters or to do any work upon said ditch and water right, and permitting, without objection or actual notice, third parties to initiate rights and place lands under cultivation and to cultivate the same for years, under the assumption that no such right existed and that the said right of 1888 was the only right claimed by said de-

fendant as appurtenant to her lands acquired from said F. Miller, and by a course of conduct, which would, in the absence of her statement to the contrary, show a clear intent and purpose to abandon said right and ditch, if any she had, the said defendant is declared to have failed to establish any right in and to the waters of said Little Elk Creek by reason of said ditch constructed in the year 1892, and to have forfeited any right which may have existed at the time of the death of said F. Miller, and to be estopped from asserting any such right as against the answering defendant Roy O. Sherman.'' This conclusion presents the court's explanation of the decree, in so far as it denied to this appellant any right based upon the Miller appropriation of 1892.

The right acquired by Miller by virtue of his appropriation [1] in 1892 was property. (*Smith* v. *Denniff,* 24 Mont. 20, 81 Am. St. Rep. 408, 50 L. R. A. 741, 60 Pac. 398.) It continued to be property to the time of his death and passed to his successor. The use of the term ''forfeiture'' in connection with the loss of this property right was doubtless a mere *lapsus linguae.* The right might be lost altogether by abandonment. It might be lost to another by adverse user or the owner of the property might become estopped to assert his ownership as against another, but ''forfeiture,'' in the connection employed, is a misnomer. There is not any claim of adverse user—no finding upon it and no adjudication. The judgment must be sustained, if at all, upon a theory of abandonment or estoppel.

1. *Abandonment:* In *Middle Creek Ditch Co.* v. *Henry,* 15 Mont. 558, 39 Pac. 1054,.this court quoted with approval the [2] following: ''An abandonment is 'the relinquishment of a right, the giving up of something to which we are entitled.' (Bouvier's Law Dictionary.) 'Abandonment must be made by the owner, without being pressed by any duty, necessity or utility to himself, but simply because he desires no longer to possess the thing; and further, it must be made without any desire that any other person shall acquire the same; for, if it were made for a consideration, it would be a sale or barter, and, if without

consideration, but with an intention that some other person should become the possessor, it would be a gift' (Bouvier's Law Dictionary)''; and said: ''Abandonment is a matter of intention.'' In *Norman* v. *Corbley*, 32 Mont. 195, 79 Pac. 1059, we said: '' 'Abandonment is the giving up of a thing absolutely without reference to any particular person or purpose.' (1 Cyc. 4.) Neither party could abandon to the other, either with or without a consideration, for that would amount to a sale or gift. Abandonment is a matter of intention.''

The court found that neither Mrs. Pump nor her predecessor, Mrs. Miller, intended to abandon the 1892 right, but, on the contrary, so far as they had any conscious intent, it was not to abandon either the ditch or water right. In the absence of any intention to abandon there could not have been an abandonment.

There was nonuser for ten years, but nonuser does not constitute abandonment. If any principle of the law of [3] water rights can be settled, this one is. In *Smith* v. *Hope Min. Co.*, 18 Mont. 432, 45 Pac. 632, the court said: ''The nonuser of water for so long a period, and especially a period longer than the statute of limitations, is certainly very potent evidence, if it stood alone, of an intention to abandon. Abandonment is a question of intention.''

In *Featherman* v. *Hennessy*, 42 Mont. 535, 113 Pac. 751, the court said: ''Mere lapse of time during which there is nonuser is not sufficient. The circumstances must be such as to justify an inference of intention to abandon; in other words, to leave the property to be taken by any other person who chooses to do so.''

There was not any abandonment of the 1892 right, and the decree cannot be justified upon that theory.

2. *Estoppel:* There is not any plea of estoppel, but the pleadings were treated as amended to conform to the proof, and we are therefore to search the testimony for the facts which estop this appellant, if any such are disclosed by the record.

Either Mrs. Pump or her predecessor, Mrs. Miller, by her conduct might be estopped to say that she did not intend to [4] abandon the 1892 right, or that she has a present claim to that right, and the estoppel might result from action or nonaction, from silence or speech. ''Where A has, by his acts or representations, or by his silence when he ought to speak out, intentionally or through culpable negligence induced B to believe certain facts to exist, and B has rightfully acted on this belief, so that he will be prejudiced if A is permitted to deny the existence of such facts, A is conclusively estopped to interpose a denial thereof. The very essence of this doctrine is that the party relying upon the estoppel was misled to his prejudice by reason of the silence of the other party, when in equity and good conscience he ought to have spoken, or by reason of the affirmative acts or conduct of such other party.'' (*Kennedy* v. *The Grand Fraternity*, 36 Mont. 325, 25 L. R. A. (n. s.) 78, 92 Pac. 971.)

Defendant Sherman is the only one who is benefited by the decree in its present form; the only one to be injured by a recognition of the 1892 Miller right, and the only one contesting appellant's claim to that right; so that, if appellant is estopped to claim the right or if she or her predecessor is estopped to say she did not intend to abandon it, the elements constituting the estoppel must be found in some representations made or some position assumed, upon which defendant Sherman, having the right so to do, in good faith relied and from which inequitable consequences must follow if the representations be repudiated or the position be changed. (10 Rul. Case Law, 689.)

Constructive fraud underlies every equitable estoppel; ''that is, the person estopped is considered as having by his admissions, declarations or conduct misled another to his prejudice, so that it would work a fraud to allow the true state of facts to be proved.'' (10 Rul. Case Law, 691.) The Sherman appropriations were made in 1907, when the Miller property was in charge of Mrs. Miller. The record contains all the evidence produced relative to the 1892 right, but there is not a suggestion that Mrs. Miller, this appellant or anyone else said or did

anything with reference to that right. Although Sherman testified at length with reference to the physical condition of the 1892 ditch, he did not intimate that in making his appropriations he relied upon an abandonment of the 1892 Miller appropriation or that he even considered the probability of that right being asserted or abandoned. So far as disclosed by this record, he was not misled at all. There is not even a bare scintilla of evidence that either Mrs. Miller or Mrs. Pump knew anything of Sherman's intentions, or of his appropriations, until long after they were made. The only inference to be drawn [5] from the evidence is that they kept silent and did not use the right. But mere silence cannot work an estoppel. To be effective for this purpose, the person to be estopped must have had an intent to mislead or a willingness that another should be deceived, and the other must have been misled by the silence. (10 Rul. Case Law, 693.)

If there was no legal obligation resting upon Mrs. Miller to [6] speak in 1907, or upon her or her successor thereafter to make known their claim, then no estoppel arose even though Sherman may now be injured by the recognition of the 1892 right. (10 Rul. Case Law, 692.) To create an obligation upon the part of Mrs. Miller to speak out in 1907, it was incumbent upon Sherman to show that she knew of his contemplated or actual expenditure of time and money in making his appropriations and that he was relying for any benefit to accrue from his efforts upon the assumption that the 1892 Miller right had been abandoned or would not be asserted to his prejudice. The record is barren of any such facts.

A subsequent appropriation of water is not any notice of an [7] adverse claim. Assuming that Mrs. Miller knew of Sherman's contemplated expenditures in 1907, she was not called upon to assert her rights or to notify him of their existence. The validity of his appropriations could not be made to depend upon the extent of prior appropriations. The conclusion that appellant is estopped cannot be justified by this record.

Upon the findings made, the trial court should have awarded appellant fifty miner's inches or one and one-fourth cubic feet per second of time. A new trial is unnecessary and the order refusing it will be affirmed. The cause is remanded to the district court with directions to modify the decree so as to award to appellant fifty miner's inches or one and one-fourth cubic feet per second of time of the waters of the East Fork of Little Elk Creek, and when thus modified, the decree will stand affirmed. The appellant will recover her costs of appeal.

*Modified and affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.

Rehearing denied September 19, 1916.