### BETSCH et al. v. UMPHREY et al.

(Circuit Court of Appeals, Ninth Circuit. January 3, 1921.)

No. 3490.

Statutes ⬅55—Alaska law, forfeiting mining claims for failure to file affidavit of labor, held void.

> Laws Alaska 1915, c. 10, § 7, making failure to file affidavit of assessment work on a mining claim an abandonment, subjecting the claim to relocation, is inconsistent with Rev. St. § 2322 (Comp. St. § 4618), recognizing rights to claims so long as the actual labor is performed, and with Act Cong. March 2, 1907 (Comp. St. § 5051), providing that failure to file an affidavit of labor performed places the burden of proving such labor on the claimant, and it is therefore void under Enabling Act Aug. 24, 1912, § 9 (Comp. St. § 3536), prohibiting laws interfering with the primary disposition of the soil, and not authorized by Rev. St. § 2324 (Comp. St. § 4620), or Act June 6, 1900, § 16 (Comp. St. § 5050), authorizing local mining regulations not in conflict with the laws of United States.

Appeal from the District Court of the United States for the Second Division of the Territory of Alaska; Wm. A. Holzheimer, Judge.

Suit to quiet title by F. Umphrey and another against Chris Betsch and another. From a decree quieting the title of the plaintiffs, defendants appeal. Reversed and remanded, with instructions to enter a decree for the defendants.

William A. Gilmore, of Seattle, Wash., and O. D. Cochran, of Nome, Alaska, for appellants.

Lyons & Orton, of Seattle, Wash., and Fred Harrison, of Nome, Alaska, for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. The court below entered a decree quieting the appellees' title to a certain placer mining claim. The claim was originally located on July 4, 1914, and from that time until the relocation of the claim by the appellees on April 1, 1917, the annual assessment work was duly performed. The assessment work for 1916 had been duly performed by the appellants, but they had failed to file within 90 days from the close of that year the affidavit required by section 7, c. 10, of the 1915 Session Laws of the Territory of Alaska,

---

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

which requires in substance that, in order to hold a claim after the annual assessment work has been done, an affidavit containing certain specified statements must be filed with the recorder of the district not later than 90 days after the close of the calendar year, and further provides that the failure to file the same—

"shall be deemed an abandonment of the location and the claim shall be subject to relocation by any other person; provided, however, that a compliance with the provisions of this section before any relocation, shall operate to save the rights of the original locator."

In the present case the affidavit was filed 3 days after the relocation, and 4 days after the expiration of the 90 days prescribed by the statute.

The appeal presents the question of the validity of the territorial statute. In the Enabling Act of August 24, 1912, creating the territorial government (37 Stat. 514 [Comp. St. § 3536]), it was provided that—

"No law shall be passed interfering with the primary disposa of the soil." Section 9.

Section 2322, Rev. Stat. (Comp. St. § 4618), recognizes the rights of locators of mining claims so long as they comply with the laws of the United States—

"and with state, territorial, and local regulations not in conflict with the laws of the United States governing their possessory title."

Section 2324 (Comp. St. § 4620) recognizes the right of miners of each mining district to make regulations not in conflict with the laws of the United States—

"governing the location, manner of recording, amount of work necessary to hold possession of a mining claim."

It will be observed that in none of the statutes of the United States is authority granted to Legislatures or to mining districts to provide for forfeiture of a mining claim properly located and recorded and upon which the annual assessment work has been performed. By Act of Congress of June 6, 1900, § 16, providing additional mining laws for Alaska (31 Stat. 328 [Comp. St. § 5050]), it was enacted that—

"Miners in any organized mining district may make rules and regulations governing the recording of notices of location of mining claims * * * and affidavits of labor, not in conflict with this act or the general laws of the United States."

And in the same act (31 Stat. p. 329, § 26 [Comp. St. § 5047]) it was provided further:

"That the rules and regulations established by the miners shall not be in conflict with the mining laws of the United States."

Decision in the court below was influenced mainly by the provision which permits an organized mining district to make rules and regulations governing the recording of affidavits of labor. At the time of the enactment of this law, provision had been made by the Legislatures of several of the Western states for recording within a prescribed time affidavits showing the performance of the annual assessment work for the previous year, and making such affidavits prima facie evidence of

the performance of such work. In some of the states, as in Utah, the failure to file the affidavit was expressly made ground for forfeiture of the location. The provision adopted in that state was this:

"The owner of a quartz lode or placer mining claim who shall do or perform, or cause to be done or performed, the annual labor or improvements required by the laws of the United States in order to prevent a forfeiture of the claim, must, * * * within thirty days after the completion of such work or improvements, * * * file in the office of the county recorder," etc. Rev. St. 1898, § 1500.

In Murray Hill M. & M. Co. v. Havenor, 24 Utah, 73, 66 Pac. 762, the Supreme Court of that state held that a claim upon which the required improvements have been made and labor performed is not rendered open to relocation by failure to file the affidavit required by the statute. This was held in view of the provisions of section 2324, Rev. Stat., after quoting which the court said:

"From the foregoing declarations it is as clear as if it had been explicitly stated that, after a mining claim has been located in conformity with the mining laws and regulations, it is not subject to relocation as long as the locator or his successor in interest continues to perform the labor or make the improvements upon the same required by the United States mining law, and that such a locator or his successor in interest has a vested right in such a claim which can only be forfeited by a failure to comply with the conditions mentioned."

Of statutes which make failure to file and record proof a forfeiture of the claim the following is said in 1 Snyder on Mines, § 496:

"The authorities are united to the effect that such legislation as this is at most only directory, any attempt at providing for a forfeiture being beyond the powers of state legislation, and that proof of such labor or improvements may be made the same as any other facts in the case, and this must be the rule. It is the labor and not the proof of it that is required by the Act of Congress. * * * And there is nothing in the section delegating the power to state legislatures and miners of the district which authorizes the enactment of rules or regulations making the filing of proof of annual labor obligatory."

On March 2, 1907 (34 Stat. 1243 [Comp. St. § 5051]) Congress amended the laws governing labor on mining claims in Alaska and provided that there might be made and filed—

"an affidavit showing the performance of labor or making of improvements to the amount of one hundred dollars. * * * Such affidavit shall be prima facie evidence of the performance of such work or making of such improvements, but if such affidavits be not filed within the time fixed by this act, the burden of proof shall be upon the claimant to establish the performance of such annual work and improvements. And upon failure of the locator or owner of any such claim to comply with the provisions of this Act as to performance of work and improvements, such claim shall become forfeited and open to location," etc.

This is the latest expression of the will of Congress on the subject of the forfeiture of mining claims in Alaska, and we think it is the law by which the present case must be governed, and that there is nothing in the Act of June 6, 1900, which warrants a different conclusion. That act gave authority to any organized mining district to make rules and regulations governing the recording of notices of location and affidavits of labor "not in conflict with this act or the general laws of the

United States." The act of the territorial Legislature of 1915 is in conflict with the general law of the United States, which gives to the owner of a located mining claim the right to hold and occupy the same so long as he shall perform the requisite annual assessment work thereon, and Congress reaffirmed that law as applicable to the territory of Alaska by the act of 1907, adding thereto only the provision above quoted. That act permits the filing of affidavits which shall be prima facie proof of the performance of annual work. But it makes provision for forfeiture only upon failure to perform the work. The act of the Alaskan Legislature set that provision aside, and declared that performance of the work shall not be sufficient, that forfeiture shall follow the failure to file an affidavit. To legislate thus was to transcend the authority conferred by the Enabling Act, was to interfere with the right of Congress to dispose of the public domain, was to destroy an estate which Congress grants in public lands, and was to exercise a power which Congress never intended to delegate, the power to declare the forfeiture of mining claims.

The judgment is reversed, and the cause is remanded, to the court below, with instructions to enter a decree for the appellants.