## WIGAND v. BYRNE'S ESTATE.

Fourth Division.  Fairbanks.  November 30, 1926.

### No. 2726.

**1. Mines and Minerals ⊚═23(5)—Annual Assessment Work.**

During the month of June, 1921, the administrator of the estate of Mike Byrne, deceased, did $40 worth of work and labor on the placer mining claim in question, and employed a deputy United States mineral surveyor to survey the claim, establish the corners, cut out the lines, so they could be readily traced, and make a plat of the claim of the value of $60; that no other work was done on the claim from January 1, 1921, to July 1, 1922; that sufficient annual work was done each year thereafter, from July 1, 1922, to July 1, 1923, and from July 1, 1923, to July 1, 1924; that on April 11, 1924, the plaintiff located the claim, alleging the want of legal and sufficient assessment work in 1921. *Held*, that section 4 of chapter 10, Sess. Laws 1915, is in conflict with the general mining laws of the United States in relation to assessment work on mining claims on public lands, and is void.

**2. Mines and Minerals ⊚═25—Equity will Not Forfeit a Mining Claim Where the Owner has in Good Faith Performed the Annual Assessment Work Prescribed by the Territorial Legislature.**

The locator and owner of a mining claim, who performs the character and kind of work prescribed by the territorial Legislature as annual assessment work on his claim, in good faith and reliance on the act of the Legislature, will be protected against a forfeiture of his claim against one who attempts to relocate the claim with knowledge of the facts.

This is a suit to quiet title to a placer mining claim known as "Creek Claim No. 1 Below Discovery on Engineer Creek," Fairbanks recording district, territory of Alaska, submitted up-

⊚═See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

on a complaint, amended answer of Robert Kelly, administrator, and reply of plaintiff. No appearance was made on behalf of the unknown heirs of Mike Byrne, deceased, upon whom service was obtained by publication.

The complaint sets forth the usual facts stating a cause of suit in favor of plaintiff, which the defendant Robert Kelly, administrator, denies in toto, except that he admits the defendants claim an estate or interest adverse to plaintiff in said placer mining claim. In an affirmative defense the defendant Kelly, administrator, alleges, among other things, that on the 1st day of January, 1905, the said Mike Byrne, deceased, located and became the owner, under the mining laws of the United States, of Creek Claim No. 1 Below Discovery on Engineer creek, a tributary of Goldstream creek, in Fairbanks precinct, Fourth judicial division, territory of Alaska, and within 90 days thereafter filed for record in the office of the recorder for said precinct the location certificate thereof. The amended reply of plaintiff denies generally and specifically the facts set up in the affirmative defense of Kelly, administrator, except the location by Byrne in 1905, and that the placer mining claim known as Creek Claim No. 1 Below Discovery is the ground described in the complaint and the mining ground in controversy herein, and as an affirmative defense alleges that the said mining claim was located by Mike Byrne as unpatented mineral land of the United States, and that, during the annual labor year ending at noon July 1, 1922, the defendant neither performed nor caused to be performed thereon work or improvement of the value of as much as $100, and therefore said mining claim, as located by Mike Byrne, became forfeited and open for location; that the said ground, after noon on July 1, 1922, was not located by anybody, and was, on the 11th day of April, 1924, unoccupied mineral land of the United States, open to exploration and purchase; that on said day the said plaintiff, Wigand, went upon said ground, discovered gold thereon, marked the boundaries thereof, so that the same could be readily traced, and completely located the same as a placer mining claim as described in said complaint; and that thereafter, on the 12th day of August, 1924, the plaintiff filed for record in the office of the recorder of the Fairbanks recording district, territory of Alaska, wherein said claim was located, the location certificate thereof, which conformed in all respects to the laws in force on the subject.

The material facts, in addition to those admitted specifically or by failure to deny in the pleadings, are stipulated as follows by respective counsel:

"That in the calendar year of 1920 Mike Byrne, the locator mentioned in defendant Kelly's answer, performed $100 worth of work upon the mining claim mentioned in said action prior to his death on or about December 5, 1920.

"That on the 9th day of December, 1920, the defendant Robert Kelly was duly and regularly appointed the administrator of the estate of said Mike Byrne, deceased, and then and there fully qualified as such administrator, and has at all times since continued to be such administrator.

"That in the month of June, 1921, the defendant Robert Kelly, as such administrator, and for the purpose of doing the annual labor upon said mining claim mentioned in defendant's answer, caused one H. C. Ingram, a deputy United States mineral surveyor, to make a survey of said claim; that during said month of June, 1921, said H. C. Ingram did in fact make a survey of said claim, established well-defined corners therefor, plainly marking the same, cut out the lines of said claim, so that they could be readily traced, and made a plat of said claim, as shown by said survey, which he furnished said defendant Kelly; that the said H. C. Ingram charged the defendant Kelly for said survey at least the sum of $60, which was the usual and ordinary charge for such work in said locality.

"That neither the said H. C. Ingram, nor the defendant Kelly, nor any one else, filed at any time in the office of the recorder of the Fairbanks recording district, Alaska, wherein was situated said claim, the field notes of said survey, and neither the said H. C. Ingram, nor the defendant Kelly, nor any one else, at any time filed in the office of the said recorder a voucher showing the cost of said survey, properly or otherwise attested by said surveyor.

"That during the month of June, 1921, in addition to the said survey, the defendant Kelly also dug ditches in front of the cabins on said claim to protect them from surface water, and also cut and burned the grass and brush near the cabins, to protect them from fire, spending in such work five days, of the reasonable value of $40.

"That no work or improvements were put upon said claim during the period commencing January 1, 1921, and ending at noon July 1, 1922, other than those above mentioned, and during said period no work or improvement, other than those above set forth, were done or made for the benefit of said claim at any point, either on or off the claim.

"That during the annual labor year ending at noon July 1, 1923, the defendants caused $100 worth of work to be done upon said claim, and $100 worth of work was done upon said claim during said period.

"That during the period between noon July 1, 1923, and April 1, 1924, the defendants caused $100 worth of work and improvement to be done on said claim, and $100 worth of work was in fact done upon said claim.

"That upon the 11th day of April, 1924, said claim being in the actual possession of no one, and the plaintiff, Albert Wigand, being then and there a qualified locator, he, upon said day, made a discovery of gold thereon, marked the boundaries so that they could readily be traced, and duly located said claim as a placer mining claim in full conformity with the law in force on the subject, providing said ground was then open for location; that thereafter, and on the 12th day of August, 1924, plaintiff filed for record in the office of the recorder of the Fairbanks recording district, wherein was situated said claim, a location certificate therefor, which conformed in all respects to the law in force on the subject.

"That at the time of the commencement of this suit the plaintiff was in the actual, exclusive, open, notorious, physical possession of said claim, which was the identical claim theretofore located by said Mike Byrne, deceased, described in defendant Kelly's answer."

Harry E. Pratt, of Fairbanks, for plaintiff.
Louis K. Pratt, of Fairbanks, for defendant Kelly.

CLEGG, District Judge.   The applicable statutes involved are as follows:

Act of Congress approved December 31, 1920 (41 Stat. 1084 [U. S. Comp. St. § 4620h]), providing:

"That the period within which work may be performed or improvements made for the year 1920, upon mining claims as required under section 2324 of the Revised Statutes of the United States, is hereby extended to and including the first day of July, 1921; so that work done or improvements made upon any mining claim in the United States or Alaska on or before July 1, 1921, shall have the same effect as if the same had been performed within the calendar year of 1920: Provided, that this act shall not in any way change or modify the requirements of existing law as to work to be done or improvements made upon mining claims for the year 1921."

Act of Congress approved August 24, 1921 (42 Stat. 186 [30 USCA § 28]), reading as follows:

"That section 2 of 'An act to amend sections 2324 and 2325 of the Revised Statutes of the United States concerning mineral lands,' approved January 22, 1880, be, and the same is hereby, amended to read as follows:

"'Sec. 2.   That section 2324 of the Revised Statutes of the United States be amended by adding the following words: "Provided, that the period within which the work required to be done annually on all unpatented mineral claims located since May 10, 1872, including such claims in the territory of Alaska, shall commence at 12 o'clock meridian on the 1st day of July succeeding the date of location of such claim: Provided, further, that on all such valid existing claims the

annual period ending December 31, 1921, shall continue to 12 o'clock meridian July 1, 1922." ' "

Also section 4 of chapter 10 of the Session Laws of Alaska 1915, page 13, which reads as follows: .

"And it is further provided, that a survey of the claim or claims by a United States mineral surveyor may be credited to annual assessment work, but in no case shall the credit for such survey and its attendant expense, exceed the required assessment for one year on the claim or claims surveyed. When credit is sought for such work or improvement, the claimant must file in the recorder's office in the district in which the claim is situated the field notes of the survey, together with a voucher showing the cost of such survey, properly attested by the surveyor, incorporated into the proof of annual labor as in case of other class of labor or improvements, as provided for in section seven (7) of this act."

It is the contention of the plaintiff that the claimed assessment work done in June, 1921, on said mining claim, is inadequate as such work and improvements for the annual labor year ending July 1, 1922; that the section of the act of the Alaska Legislature above quoted is in conflict with the general laws of the United States; and that the cost of $60 in making the survey of the claim cannot legally be considered as part of the assessment work for said year. It is not disputed that this expenditure of $60 was made, although the agreed facts recite that this amount was "charged." No contention is made that the expenditure of $40 additional in protecting the cabins thereon from fire and flood, by digging ditches and cutting brush and grass, does not legally constitute assessment work to that amount.

' This argument is disputed by the defendant Kelly, administrator, who claims that this survey, made under the law of the Legislature, legally constitutes a portion of the assessment work for the said year, and that the same, together with the $40 additional in protecting the cabin from fire and flood, actually constitutes the required assessment work for said year, and that, if it does not, and if the right and title of the estate and administrator Kelly became forfeited on the expiration of the assessment year ending July 1, 1922, for failure to do sufficient work, the plaintiff should have located the said mining claim during the assessment year ending July 1, 1923, and should not have waited until the administrator had performed sufficient assessment work for said year and for the

year following, and, further, that the resumption of work by the said administrator during said years to the knowledge of plaintiff estops the plaintiff from claiming that the mining claim was forfeited for failure to do assessment work for the assessment year ending July 1, 1922.

It may be conceded now, as it was by counsel on both sides during the argument, that the section above quoted from chapter 10 of the Alaska Legislature of 1915 is unconstitutional, being in conflict with the general laws of the United States as to the character of work done and improvements necessary to be made upon a mining claim to constitute annual assessment work. The survey of a mining claim does not meet the requirements either of the law or judicial opinion as to the character of work and improvements which legally constitute annual assessment work; but, if this were not so, and survey work under said statute is entitled to be regarded as annual assessment work, plaintiff contends that the defendants failed wholly to observe the further requirement of said section of the statutes, by failing to file in the recorder's office field notes of the survey and vouchers showing the cost thereof, properly attested by the surveyor and incorporating the same into the proof of annual labor provided for in section 7 of said act.

The Circuit Court of Appeals for the Ninth Circuit, in the case of Betsch v. Umphrey, 270 F. 45, has held that no claim can be forfeited for failure to file proof of annual labor as required by section 7 of chapter 10 of the Laws of the Alaska Legislature of 1915; that it is the labor, and not proof of it, that is required. Therefore failure of the defendant to observe the provisions of section 4 of said act, requiring certain particulars concerning the survey to be stated and incorporated in the proof of annual labor, as provided in section 7, would not prevent defendant in this case from claiming the benefit of the cost of making the survey of the claim as part of his assessment work.

The fact is, and is conceded to be, that the defendant Kelly relied upon the provision of section 4 of said act of the Legislature, which undertook to prescribe "that a survey of the claim or claims by a United States mineral surveyor may be credited to annual assessment work," and the court is confronted with the following question for determination, namely: Shall a miner's claim be forfeited on the ground of failure to do as-

7 A.R.—32

sessment work, when the work done and claimed as assessment work is specifically prescribed by the law, but such law is an invalid act of the law-making power?

No court or tribunal that I am aware of has passed upon this identical question. Nor has any court that I know of heretofore been called upon to pass upon the constitutionality of section 4 of the act of the Alaska Legislature above quoted, prescribing that the survey of a mining claim by a United States mineral surveyor may be credited to annual assessment work.

Is a miner to be deprived of his property solely because he takes this law of the Legislature at its face value? Is he not justified in following the law as it is written? Is a court of equity to aid one who attempts to relocate his property with knowledge of the existing law, and of what the original owner has done and claims, and after he had stood by silently and inactive until the original owner has done further annual assessment work for two succeeding years, before he enters upon the ground to make a relocation? I hold that in equity and good conscience the defendant cannot be charged with shortcomings of the Legislature, nor penalized to the extent of the loss of his property, by claiming in good faith as part of his assessment work what the solemn act of the Legislature permits him to claim. "Obey the law and forfeit your property" is a doctrine too false and startling to win the approving conscience of the chancellor. The work done and improvements made by Kelly, administrator, on the property in controversy during the annual assessment year ending July 1, 1922, if it did not constitute legal and full assessment work on said property for said year, will be considered as such under the facts. Equity regards the substance, and not the form, of the transaction, and will relieve a party from the consequences of his own inadvertence. 10 R. C. L. §§ 75, 130.

It is further contended by the plaintiff that the assessment work claimed by the defendant Kelly for the year ending July 1, 1922, was actually done in June, 1921, and that the act of Congress first above quoted extended the time for doing such work for the year 1920 until July 1, 1921, and that, therefore, this work was actually done within the assessment year ending July 1, 1921, and can be counted for that year only.

In this connection it is only necessary to point out that the

proviso in said statute is that this act "shall not in any way change or modify the requirements of existing law as to work * * * or improvements * * * on mining claims for the year 1921." I take this proviso to mean that the act, while extending the time to July 1, 1921, for doing the work for the year 1920, does not attempt to interfere with work or improvements for the year 1921, and that on mining claims for the year 1921 the annual labor or improvements might be made at any time within the calendar year of 1921.

This was the existing law of Congress when the work claimed by the defendant Kelly was done in June, 1921. He claimed the work as work for that year at that time, and the requisite work having been done at that time, as I have heretofore held, his rights were not, nor were the rights of the estate, affected by the further passage of the Act of Congress approved August 24, 1921, which changed the period for doing annual assessment work from the calendar year to the fiscal year, and which further provided that "on all such valid existing claims the annual period ending December 31, 1921, shall continue to 12 o'clock meridian July 1, 1922." This latter act in no way affected the rights of the defendant Kelly, administrator, as the work which he had done in June, 1921, was already done before the passage of this act and in compliance with the provisions of the proviso in the Act of Congress approved December 31, 1920.

I therefore hold that the right and title of the estate of Byrne and of the defendant Kelly, as administrator, in the property in controversy, did not become forfeited on July 1, 1922, nor thereafter, and that said claim was a valid and subsisting placer mining claim when the attempted relocation thereof was made in April, 1924, by the plaintiff, and that such attempted relocation was void.

Findings of fact and conclusions of law and decree may be submitted in accordance with this opinion.