WELLS, Respondent, v. WADDELL, Appellant.

(No. 4,312.)

(Submitted March 11, 1921. Decided April 6, 1921.)

[196 Pac. 1000.]

*Real Property—Landlord and Tenant—Leases—Statutes of Frauds — Performance—Estoppel—Instructions — Presumptions—Nonsuit—Denial—Curing Error.*

Trial—Denial of Nonsuit—Defendant's Evidence Supplying Defects in Plaintiff's Case—Curing Error.
1. Where defendant, instead of standing upon his motion for nonsuit, introduced evidence in his own behalf after denial thereof, and thus supplied the defects in plaintiff's case, the error in denying the motion was cured.

Landlord and Tenant—Leases—Assignment—Statute of Frauds—Performance—Effect.
2. Performance, partial or complete, under an assignment of a lease for a term exceeding one year, invalid because not in writing, takes the case out of the statute and renders the tenant liable according to its terms.

Statute of Frauds—Purpose.
3. The statute of frauds is not intended to cloak fraud, but to prevent it, its aim being to avoid the assertion of claims which from their nature should be evidenced by an instrument in writing signed by the party to be charged or his agent duly authorized.

Trial—Estoppel—When Instruction Improper.
4. In the absence of evidence to support a claim of estoppel, an instruction on the subject should not be given.

Same.
5. An instruction on estoppel *in pais* which omits the indispensable element that the party claiming it relied upon and was misled to his prejudice by the acts of his opponent is erroneous.

Same—Instructions—One Correct, Another Incorrect—New Trial—Presumptions.
6. Where the trial court gave instructions to the jury upon a material point, one of which was correct and the other incorrect, the supreme court will not presume that the jury followed the correct one, but will reverse the judgment and order a new trial.

*Appeals from District Court, Gallatin County; Ben B. Law, Judge.*

---

2. Parol lease for more than one year as affected by statute of frauds in case of its part performance, see note in 17 Am. St. Rep. 752.

On effect of performance to take parol assignment of lease out of the statute of frauds, see note in 42 L. R. A. (n. s.) 162.

ACTION by Ralph Wells against E. C. Waddell. Plaintiff
had judgment. Defendant appeals from it and from an order
denying his motion for a new trial. Reversed.

*Mr. Charles A. Hills,* for Appellant, submitted a brief and
argued the cause orally.

The assignment of a lease presupposes the ownership of an
estate to be assigned. Since it was not made to appear on
plaintiff's behalf that E. W. Waddell ever owned the lease,
there could be no estate upon which any alleged assignment
by E. W. Waddell could operate. The duty of an assignee
of a lease to pay rent arises solely from privity of estate be-
tween the lessor and the assignee of the lease. (*Welsh* v.
*Schuyler,* 6 Daly (N. Y.), 412.) Obviously no privity of estate
can exist unless there is an estate to assign.

In the case of *Flinner* v. *McVay,* 37 Mont. 306, 15 Ann.
Cas. 1175, 19 L. R. A. (n. s.) 879, 96 Pac. 340, this court held
that a contract for the conveyance of real estate, required
by the statutes to be in writing, created an estate in lands,
and could, therefore, only be assigned in writing, and that
evidence of an oral assignment, together with a delivery of the
contract, was not sufficient or competent proof of the assign-
ment. A term of years is as much an estate, the only distinc-
tion made by law being in respect to estates of one year or
less, which only adds the element of time.

In the case of *Welsh* v. *Schuyler,* 6 Daly (N. Y.), 412, the
court discusses the law, as laid down by New York courts, on
the statute of frauds in relation to transfers of leasehold es-
tates. The action was for recovery of rent on a lease for a
term of more than one year, alleged to have been assigned to
the defendant. The answer was a general denial. It was
held that the assignment of a leasehold term of more than one
year is null and void under the statute of frauds, unless in
writing.

The issue of estoppel is not involved in this case. It was
nowhere presented in evidence, and there was no evidence

tending to support an estoppel. Furthermore, this court has held that, in order to invoke the doctrine of estoppel, the party claiming the same must show that he has been misled to his prejudice. (*Tatem* v. *Eglanol Min. Co.,* 45 Mont. 367, 123 Pac. 28; *Yellowstone County* v. *First Trust & Savings Bank,* 46 Mont. 439, 128 Pac. 596.) There was no testimony tending to show that the plaintiff was misled or prejudiced in consequence of any representation made by the defendant in this case.

*Mr. George Y. Patten,* for Respondent, submitted a brief and argued the cause orally.

There was no allegation of an estoppel in the complaint, but such allegation was not necessary to admit the proof. The question of the statute of frauds is a matter of proof, and not of allegation in pleadings. (*Blankenship* v. *Decker,* 34 Mont. 292, 85 Pac. 1035.) There was a general denial so that respondent was not advised that the statute of frauds would be relied upon, or that any question would be raised as to the legal sufficiency of the lease and assignment, and hence no opportunity was afforded the respondent to plead an estoppel, and no such plea was required. (*Capital Lumber Co.* v. *Barth,* 33 Mont. 94, 81 Pac. 994.) The appellant, from the testimony, was in the position of having repeatedly in his letters, claimed to be the assignee of the lease in question, and of asserting all of the rights of a tenant thereunder. In view of those letters, he was estopped from asserting the contrary in this case, the rule being that one may become estopped to set up the statute of frauds by his acts in recognition of the oral contract. (20 Cyc. 308; *O'Connor* v. *Oliver,* 45 Wash. 549, 88 Pac. 1025; *Kennedy* v. *Anderson,* 49 Wash. 14, 94 Pac. 661; *Tuttle* v. *Welty,* 46 Colo. 25, 102 Pac. 1069; *Alston* v. *Connell,* 140 N. C. 485, 53 S. E. 292.)

Appellant cites the case of *Flinner* v. *McVay,* 37 Mont. 306, 15 Ann. Cas. 1175, 19 L. R. A. (n. s.) 879, 96 Pac. 340, to the effect that the statute of frauds applies to assignments of con-

tracts, as well as to the contracts themselves, and holding that where the creation of an interest in land must be evidenced by a writing, the transfer of that interest must also be evidenced by a writing. The general rule is, conceded, but the facts of this case bring it within the exception, by reason of the contract being executed.

The whole case of appellant, so far as authority is concerned, and with the exception just stated, is built up around the case of *Welsh* v. *Schuyler*, 6 Daly (N. Y.), 412. This decision is quoted from more than once, and no other authority is given for appellant's contentions. It is submitted that this case is not in harmony with the other decisions on the subject of the statute of frauds, and stands alone in its holding that an executed oral agreement is not sufficient, and in further holding that acts of the parties in recognition of an oral agreement will not constitute an estoppel. Indeed, it is evident that counsel for appellant himself is not very much impressed with the value of this decision as an authority, as he is careful to state in his brief that he does not subscribe to the holding of the case, except in so far as it is favorable to his contentions.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

The plaintiff is the owner of a certain lot and a two-story building situated thereon, in Three Forks, Montana. In his complaint in this action he alleges his ownership; that defendant was the assignee of a leasehold interest in and to the lot and the lower floor of the building and obligated to pay the stipulated rent and one-half of the cost of heating the building; that defendant held possession of the premises under the lease from January 31, 1917, until the expiration of the term (August 19, 1917), but failed and refused to pay any part of the rent or cost of maintenance. Attached to and made a part of the complaint is a document designated "Exhibit A." There was not any attack made upon the pleading by demurrer or otherwise. The answer admits plaintiff's

ownership of the premises, and denies generally every other allegation of the complaint. The trial of the cause resulted in a verdict in favor of the plaintiff for the amount claimed, and from the judgment entered thereon and from an order denying a new trial, defendant appealed.

Although there is not anything in the record to indicate that the papers constituting the document marked "Exhibit A" were ever offered or received in evidence, repeated references were made to them throughout the trial as though they were in evidence, and we shall assume that they were. The first of these is a written lease of the premises in question from plaintiff to D. R. Byrd, for the term of five years from August 19, 1912, for theater or moving-picture show purposes. The amount of the monthly rental is fixed, and the lessee agrees to pay his proportional part of the cost of heating the building. The other terms are not material to the determination of this controversy. Attached to or indorsed upon the lease is a memorandum which grants permission to Byrd to transfer the lease to E. W. Waddell and which modified somewhat the rate of rental and concludes: "Otherwise this lease is unchanged, Waddell agreeing to take Byrd's place and assume all his obligations mentioned herein." The memorandum is dated July 15, 1913, and is signed by plaintiff, Byrd, and E. W. Waddell.

The third paper constituting "Exhibit A" is a contract in writing dated July 15, 1913, signed by plaintiff and E. W. Waddell, by the terms of which plaintiff agreed to install a lavatory in one of the dressing rooms of the theater, and agreed further that if E. W. Waddell was unable to make expenses in the conduct of the theater he might alter the building so as to convert the lower floor into a storeroom, *etc.*

Over the objection of defendant, the plaintiff was permitted to testify that immediately after the execution of the above-mentioned paper writings on July 15, 1913, the defendant E. C. Waddell—a son of E. W. Waddell—went into possession of the premises and continued in possession until the expiration of the term; that he paid to plaintiff the specified rental

and expense of heating until January 31, 1917, and thereafter ·
failed and refused to pay anything on account of either item;
and that the balance due and unpaid amounted to· $699.29.
Plaintiff also introduced in evidence certain letters written to
him by defendant, in which defendant claimed to be the owner
of the lease and entitled to the rights and privileges of a ten-
ant thereunder.

1. Defendant's first contention is that plaintiff failed to
prove an assignment of the original lease from Byrd to E. W.
[1] Waddell, and for this reason his motion for a nonsuit
should hav' been sustained. All this may be granted, but it
does not profit the defendant in the least. He did not stand
upon his motion but introduced evidence in his own behalf
and thereby assumed the risk of supplying the defects in plain-
tiff's case (*Melzner* v. *Chicago, M. & St. P. Ry. Co.*, 51 Mont.
487, 153 Pac. 1019), and did supply them. Referring to the
lease and the transfer of it defendant testified: "Mr. E. W.
Waddell is the owner of that lease, and Mr. E. W. Waddell
is my father. * * * I was in Three Forks in July, 1913,
at the time that lease was signed; Mr. Wells and my father
were also there in Three Forks. At the time my father bought
this lease, my father asked my opinion about the lease, and
I advised him to buy it. * * * Well, my father bought the
lease. * * * Following the execution of that assignment,
my father turned it over to me in the way of a manager and
left it in my possession and he went home to Butte. I suc-
cessfully managed the property after that," *etc.* In view of
this testimony, defendant cannot now be heard to say that the as-
signment to E. W. Waddell was not made to appear by satis-
factory evidence.

2. There was not any evidence of a written assignment from
E. W. Waddell to defendant, and it is earnestly contended
that an oral assignment was invalid under the statute of frauds
(secs. 4612 and 7967, Rev. Codes). The trial court, however,
advised the jury, by instruction No. 1, that an executed oral
assignment would be sufficient as the foundation of defend-

ant's liability and plaintiff's right to recover, and the competency of the evidence and the correctness of this instruction present the same question.

At the time defendant took possession of the premises the [2] unexpired term of the lease exceeded one year, and therefore there cannot be any doubt that the statute of frauds applied in the first instance (*Flinner* v. *McVay*, 37 Mont. 306, 15 Ann. Cas. 1175, 19 L. R. A. (n. s.) 879, 96 Pac. 340), but the decided weight of modern authority and the better reasoning support the view that partial performance under the assignment invalid because not in writing, may render the tenant liable according to the terms of the lease. (*Edwards* v. *Spalding*, 20 Mont. 54. 49 Pac. 443; 16 R. C. L. 853; *Tyler Commercial College* v. *Stapleton*, 33 Okl. 305, Ann. Cas. 1916E, 837, 42 L. R. A. (n. s.) 162, 125 Pac. 443; *Leadbetter* v. *Pewtherer*, 61 Or. 168, Ann. Cas. 1914B, 464, 121 Pac. 799.) If, then, partial performance will take the case out of the statute, *a fortiori* will complete performance do so.

The statute of frauds was never intended to cloak fraud, [3] but to prevent it. Its aim was to avoid the assertion of claims which from their very nature should be evidenced only by an instrument in writing signed by the party to be charged or his agent thereunto duly authorized. But when a tenant has occupied the demised premises voluntarily for the full term of the lease, he may not invoke the invalidity of the contract to shield him from payment of the rent. (*Webster* v. *Nichols*, 104 Ill. 160; 2 Reed on Statute of Frauds, par. 639; Brown on Statute of Frauds, sec. 116; Wood on Statute of Frauds, sec. 277; 25 R. C. L. 706.) The court did not err in its rulings upon the admission of evidence or in giving instruction No. 1.

3. By instruction No. 2 the jury were advised that if they [4, 5] found that defendant occupied the premises from February, 1917, until the expiration of the term, claiming to be the owner of the lease and claiming the privileges of a tenant under it, he would be estopped to deny that he was the assignee of E. W. Waddell. An instruction should not have been

given upon the subject of estoppel, since there is no foundation in the evidence to support it, and the particular instruction under consideration should not have been given because it is fundamentally erroneous in that it omits the indispensable element of estoppel *in pais,* namely, that plaintiff relied upon, and was misled to his prejudice by, the acts of the defendant. (*Rate* v. *American Smelting & Refining Co.,* 56 Mont. 277, 184 Pac. 478; *Moore* v. *Sherman,* 52 Mont. 542, 159 Pac. 966; *Yellowstone County* v. *First Trust & Sav. Bank,* 46 Mont. 439, 128 Pac. 596; *Tatem* v. *Eglanol Min. Co.,* 45 Mont. 367, 123 Pac. 28.)

In instruction No. 4 the court advised the jury correctly [6] that the burden was upon the plaintiff to prove an assignment from E. W. Waddell to E. C. Waddell by a preponderance of all the evidence. This instruction and instruction No. 2, above, each refers to the one material issue for trial in this case, and each prescribes a rule for the determination of that issue; but the one is contradictory of the other. If the jury observed the law as declared by instruction 4, they must have considered all the facts and circumstances tending to prove an assignment from E. W. Waddell to defendant; on the other hand, if they were controlled by instruction 2, their investigation was limited to a consideration of the evidence only so far as it tended to prove that defendant was in possession of the property claiming to own the lease and claiming the rights of a tenant under it, irrespective of the ultimate fact whether an assignment had been made to him by his father. In the one instance the question whether an assignment had been made was submitted to the jury as one of fact to be determined from all the evidence; in the other, it was submitted as a question of law arising from proof of certain designated facts. The one instruction is a correct exposition of the law, the other is not. It is the rule in this state, and elsewhere generally, that "Whenever instructions are upon a material point, the one correct and the other incorrect, this court will not presume that the jury followed the correct instruction, but will reverse

the judgment and order a new trial.'' (*Helena P. T. Co.* v. *McLean*, 38 Mont. 388, 99 Pac. 1061; *Sullivan* v. *Metropolitan Life Ins. Co.*, 35 Mont. 1, 88 Pac. 401.) The reason for the rule is that a jury composed of laymen cannot be expected to determine which of two conflicting instructions correctly states the law. They are entirely at liberty to follow either one and neither the trial court nor this court can determine which one was the determining factor in arriving at the verdict.

For the reasons assigned, the judgment and order are reversed and a new trial ordered.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Associate Justices Reynolds, Cooper and Galen concur.

(Submitted March 11, 1921. Decided April 11, 1921.)