STILLINGER, APPELLANT, *v.* KELLY, RESPONDENT.

(No. 5,061.)

(Submitted March 5, 1923. Decided March 19, 1923.)

[214 Pac. 66.]

*Statute of Frauds—Sales—Oral Contract—Complete Perform-ance—Effect.*

1. Where an oral contract of sale of timber exceeding in value $200 had been fully performed at the time the action was commenced, the contention that the transaction was void under the statute of frauds is without merit, complete performance taking the case out of the statute.

Appeal from *Fourth Judicial District Court, Mineral County; Asa L. Duncan, Judge.*

Contract for timber to be sawed as a sale within the statute of frauds, see notes in 19 **Ann. Cas.** 1301; 14 **L. R. A.** 233; 30 **L. R. A.** (n. s.) 324.

[66 Mont. 441.]

ACTION by C. A. Stillinger against John A. Kelly. From a judgment for defendant plaintiff appeals. Affirmed.

*Mr. W. L. Hyde,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. A. J. Violette,* for Respondent, submitted a brief.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

Plaintiff sought judgment in the sum of $582.41 for belts, machinery, parts, and fittings for a sawmill which he claims to have sold the defendant. Defendant denied purchasing these articles, or any of them, and by way of counterclaim alleged that plaintiff was indebted to him in the sum of $853.90 because of an agreement under which plaintiff cut and removed timber from defendant's land at the rate of $2 per M. The allegations of the counterclaim were put in issue by reply. Upon trial the jury allowed the respective claims of plaintiff and defendant in full, returning verdict for the defendant in the sum of $271.49, for which judgment was entered in favor of the defendant. Plaintiff's motion for a new trial was denied, whereupon he appealed to this court from the judgment.

It is unnecessary to quote the evidence in the cause. It will be sufficient to say that plaintiff's claim was founded upon transactions had between him and B. F. Berry, who sometimes acted as the defendant's agent. Whether the plaintiff proved that Berry was defendant's agent in purchasing the belts, machinery, parts and fittings for the sawmill is a subject of much doubt upon the record; but the jury resolved the doubt in favor of the plaintiff, giving him credit for all he claimed.

Plaintiff's principal contention upon this appeal is that he did not purchase the timber from the defendant. There is no doubt but that Berry was authorized by the defendant to sell the timber to the plaintiff and upon the whole record we cannot say that the jury was not warranted in finding that the

[66 Mont. 441.]

plaintiff did purchase the timber, causing it to be cut into lumber, although his contention is that he was simply the financial backer of James B. Maguire, who actually cut the timber. Berry testified unequivocally that he sold the timber to plaintiff at the agreed price of $2 per M; and Maguire testified that plaintiff told him that he had bought "the stumpage" from Berry at $2 per M. Maguire said further that at different times he had conversations with plaintiff concerning the timber, in none of which plaintiff denied buying it, and said that the first he knew that plaintiff claimed that he had not bought it was after the lumber had been shipped and "after the whole operation was closed."

But it is argued by the plaintiff that the transaction was [1] invalid because the agreement was one to sell the plaintiff timber of the value of more than $200 and there was no showing that it was in writing nor that any money was paid by the plaintiff on account of it and, he says, that no part of it was delivered to the plaintiff, and therefore the agreement was in violation of section 5017, subd. 4, of the Revised Codes of 1907 (sec. 7519, Rev. Codes 1921). This contention cannot be maintained. Under the jury's finding the contract at the time the suit was brought was an executed one; there was not only a partial but a complete performance of it, and thus plaintiff was obliged to pay for what he got. (*Wells* v. *Waddell*, 59 Mont. 436, 196 Pac. 1000.)

The district court in its discretion might have been justified in granting a new trial, but upon the dead record this court is not warranted in doing so.

Plaintiff's contention that there was a substantial variance between the allegations of the counterclaim and defendant's proof is not meritorious.

The judgment is affirmed.

*Affirmed.*

ASSOCIATE JUSTICES COOPER, HOLLOWAY, GALEN and STARK concur.