MOSHER ET AL., RESPONDENTS, *v.* SANFORD-EVANS CO., APPELLANT.

(No. 5,240.)

(Submitted May 31, 1923.  Decided June 26, 1923.)

[216 Pac. 811.]

*Sales—Statute of Frauds—Verdicts—Correction by Court— New Trial—Newly Discovered Evidence.*

Sales—Evidence—Sufficiency.
> 1. In an action to recover for farm produce in which defendant contended that in the transaction he was merely aiding plaintiffs in disposing of the produce to others and did not buy them for himself, testimony *held* to show a sale to him.

Same—Complete Performance—Statute of Frauds.
> 2. An oral contract to buy a carload of potatoes *held* to have been taken out of the statute of frauds by its complete performance where though the potatoes did not come into the actual possession of the buyer who consigned them direct from the place of sale to another, they were received and accepted by the consignee, thus showing absolute and exclusive dominion over them by the buyer.

Verdicts—Correction by Court—When Proper.
> 3. Where the amount of a verdict for plaintiff was clearly the result of a miscalculation by the jury, the court, on plaintiff's consent to a reduction, was authorized to correct the error and

---

2. Offer by purchaser to sell property to third person as acceptance which will satisfy the statute of frauds, see note in 36 **L. R. A.** (n. s.) 76.

[68 Mont. 64.]

reduce the judgment to the proper amount, and defendant, not being prejudiced thereby, could not complain.

New Trial—Newly Discovered Evidence—Proper Denial of Motion.
    4. A new trial asked for on the ground of newly discovered evidence was properly denied where certain of such evidence consisted of self-serving declarations which would be inadmissible, and the remainder had reference to a transaction between plaintiff buyer and another which was never consummated.

*Appeal from District Court, Lewis & Clark County; W. H. Poorman, Judge.*

ACTION by George Mosher and others against the Sanford-Evans Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Cause submitted on briefs of Counsel.

*Mr. Jos. R. Wine,* for Appellant.

*Mr. Geo. W. Padbury, Jr.,* and *Mr. A. P. Heyswood,* for Respondents.

MR. CHIEF COMMISSIONER FELT prepared the opinion for the court.

This action was brought to recover the purchase price of a carload of potatoes, containing 40,800 pounds, alleged to have been sold and delivered to the defendant at the agreed price of $1.30 per cwt., or $530.40. The answer, among other things, denies that the defendant purchased the potatoes and pleads a counterclaim in the sum of $116.34. The reply admits the counterclaim. The cause was tried to a jury on the 22d of March, 1922. Verdict was for the plaintiffs for the full amount of their claim, with interest, less the amount of the counterclaim. Judgment was duly entered upon the verdict for the sum of $458, in addition to the costs. The defendant's motion for a new trial was overruled. However, on June 23, 1922, the plaintiffs filed written consent that the judgment be modified by reducing the same to the sum of $401.62 in addition to the costs. Judgment thus modified

was entered as of date March 23, 1922. The appeal is from the original judgment, the order permitting the modification and from the modified judgment.

The first question raised by the appeal for our considera-
[1]   tion is whether or not the evidence was sufficient to prove a sale.

The defendant was not handling potatoes as a regular business. It was in the implement business, and became interested in this transaction only in an attempt to obtain sufficient funds to pay the plaintiffs' account. At first the plan was to sell a carload of "Hammond" potatoes to the George Rheem Company of Helena. The latter agreed to purchase a carload of this variety at $1.40 per cwt. and had a car spotted at Townsend, the railroad point of the plaintiffs to receive the same. Upon loading the car, it was discovered that they did not have a full car of that variety, and fifty-six sacks of common white potatoes were used to complete the filling. Upon discovering this fact the George Rheem Company declined to accept the car. There was then an attempt to find a new market for the potatoes. The defendant communicated with dealers in several of the neighborhood cities. Finally the car was shipped by the defendant to Lewis & Sweet of Butte. It does not appear, however, that there was an actual sale of the potatoes at Butte until the following spring. According to the account of Sweet & Lewis the shipment sold for $311.95. From the amount was deducted the freight amounting to $113.34, switching charges in the sum of $8.82, and storage from December 1 to April 15, amounting to $77.04. The net proceeds of $50.96 was remitted to the defendant. The plaintiffs knew nothing of the arrangement with Sweet & Lewis.

The defendant contends that in the entire transaction they were merely assisting the plaintiffs in disposing of their potatoes to others. The president of the defendant company, who conducted the negotiations in its behalf, testified that he told the plaintiffs that they ought to realize $1.30 or $1.35 per cwt. for the potatoes, but denied that he ever agreed to pay any price for them. Mosher, who acted for himself and the

other plaintiffs in the transaction, testified that the defendant agreed to buy the potatoes and pay $1.30 per cwt. for them. The conflict thus presented by the evidence was determined favorably to the plaintiffs.

It is contended that the contract attempted to be established is void under the statute of frauds. The evidence shows that the goods were received and accepted by the consignee of the defendant. The entire quantity was sold by the defendant, or under its direction. They were thus under the absolute and exclusive dominion of the buyer. This is a sufficient receipt and acceptance to comply with the statute, even though the goods did not come into the manual possession of the defendant. (*Stillinger* v. *Kelly*, 66 Mont. 441, 214 Pac. 66; *Beedy* v. *Brayman Wooden Ware Co.*, 108 Me. 200, Ann. Cas. 1913B, 275, 36 L. R. A. (n. s.) 76, 79 Atl. 721. See, also, note, 49 Am. Dec. 337.)

It is next contended that the trial court had no authority to modify the judgment by the reduction heretofore mentioned. This contention has no merit. The reduction was merely to correct a miscalculation made by the jury through failure to understand the charges and credits which were only partially explained to them. As a part of one instruction they were told: "In this connection the court instructs you that in their reply the plaintiffs admit the correctness of the items set up in defendant's counterclaim amounting to the sum of $116.34 but allege that they are entitled to an offset against such item from the alleged purchase price of the carload of potatoes mentioned and referred to in the complaint." This and all other instructions were given without objection. However, it must have been confusing to the jury. A verdict was rendered in favor of the plaintiffs for the full purchase price of the car of potatoes, and allowing the defendant's counterclaim in the sum of $116.34. Since a credit had been allowed on the counterclaim in the sum of $50.96, the amount realized from the sale of the same car of potatoes, the plaintiffs were, in effect, recovering this amount twice. We cannot conceive of a more proper case for a

court to exercise its power to reduce a verdict which is erroneous by reason of a miscalculation. The plaintiffs consented to the reduction, and the defendant was not prejudiced thereby. This court would have done no more for the defendant had the judgment on the original verdict been allowed to stand.

In *Blessing* v. *Angell*, 66 Mont. 482, 214 Pac. 71, cited by appellant, the jury returned a verdict for the defendant in a sum greater than the entire amount of his counterclaim. Since this could not have been the result of a miscalculation, this court ordered a new trial, although the defendant agreed to remit the entire judgment. The case at bar is not of the class to which belong *Blessing* v. *Angell* and the cases therein cited.

Among the several grounds upon which the appellant based **[4]** its motion for a new trial was newly discovered evidence. Certain affidavits are filed to support the motion in this regard. With the exception of some self-serving declarations, clearly inadmissible, all of the facts relate to the transaction with the George Rheem Company which was never consummated. There was no showing sufficient to warrant the court in granting a new trial.

Whatever merit there might have been in the contention that the verdict is contrary to the evidence was removed by the modification of the judgment which we have already discussed. There is no merit to the contention that the verdict is contrary to the instructions of the court.

We recommend that the judgment of the lower court, as modified, be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, the judgment of the lower court, as modified, is affirmed.

*Affirmed.*

Rehearing denied July 11, 1923.