BESSE, Respondent, *v.* McHENRY, Appellant.

(No. 6,746.)

(Submitted April 9, 1931.  Decided May 1, 1931.)

[300 Pac. 199.]

*Mr. M. L. Parcells,* for Appellant, submitted a brief and argued the cause orally.

*Mr. George S. Smith,* for Respondent, submitted a brief and argued the cause orally.

MR. JUSTICE GALEN delivered the opinion of the court.

This action was instituted by the plaintiff on December 4, 1929, to recover from the defendant the sum of $275, alleged to be due the plaintiff under the terms of an oral lease agreement of certain real estate. In plaintiff's complaint it is averred that in the month of February, 1923, by oral agreement the plaintiff leased and rented to the defendant certain described farm lands in Stillwater county for a period of two years, viz.: from March 1, 1923, to March 1, 1925, at an agreed rental of $150 per year, pursuant to which the defendant entered upon and took possession of the premises and used and occupied the same for the period of the lease; and that by reason of the premises, the defendant became indebted to the plaintiff in the sum of $300, no part of which has been paid, save and except the sum of $25 paid on the rental during the fall of 1923. Judgment in the sum of $275, with interest at the rate of eight per cent per annum from March 1, 1925, and costs of the action, was prayed.

The defendant filed a general demurrer to the complaint, which was overruled, and he thereupon filed his answer specifically denying every allegation of the complaint, save and except that he admitted having made payment of the sum of $25 to the plaintiff during the year 1923. For further and separate answer the defendant averred that the alleged lease by its terms was for a period of time longer than one year, "and the same was never in writing subscribed by the defendant or his agent." And for further separate answer he alleged that the plaintiff's cause of action, if any she had against him, is barred by the provisions of section 9030, subdivision 1, of the Revised Codes of 1921. Plaintiff's reply denied that the cause of action is barred by section 9030, or in any other way whatever, and generally denied every allegation of new matter contained in the defendant's answer.

The cause was tried to a jury, the defendant at the outset making objection to the introduction of any evidence on the ground that the complaint does not state facts sufficient to constitute a cause of action, this being an action upon a verbal

contract not to be performed within one year and, therefore, void under the statute of frauds. The objection was overruled. At the conclusion of plaintiff's case the defendant moved for a nonsuit, which was also overruled. Defendant thereupon introduced evidence denying the contract and the indebtedness, and at the conclusion of all of the testimony moved for a directed verdict, which was denied. Instructions were settled and a recess taken, whereupon the plaintiff asked and was granted leave, over defendant's objection, to amend her complaint and reopen the case so as to change the description of the land described in the complaint, alleged to have been leased to the defendant, so as to make the same read township *"3 north"* instead of *"3 south,"* as originally described in the complaint and testified to by the plaintiff. Amendment of the complaint by interlineation was allowed by the court, and the plaintiff was permitted upon reopening the case to testify that the south half of section 2 in *township 3 north* of range 18 is the land involved, rather than the south half of section 2, *township 3 south,* as described in the original complaint as filed and as by her before testified. In overruling the defendant's objections to the amendment of the complaint and reopening of the plaintiff's case the court said: "The plaintiff in this case testified to the ownership of the land described in the complaint,—of course it was located near Rapelje; that he was leasing the land from her. He leased the land that she owned. It is purely a clerical error, as shown by the plaintiff in her own testimony; that is, that the land she owned was near Rapelje. And I do not believe that it would be misleading the defendant if the amendment was made. I know the offer comes rather late. Of course, there is no affidavit here supporting the motion. But where the amendment really is not one which changes the cause of action, I do not anticipate that defendant will suffer any real damage. The plaintiff's motion to amend her complaint by changing the description of the township in which the land is located from *south* of the Meridian to *north* of the Meridian is granted; she is permitted to reopen her case solely for the purpose of establishing ownership of the land described in the

complaint, as amended, and for the purpose of permitting her to establish that the testimony given in the case related to the land as described in the amended complaint and to show the error. Before we go any further, I want to ask the defendant, Mr. McHenry, whether or not the amendment of this matter so misleads him, and if so, in what particular, so as to prevent him from continuing with the trial of this case." To this question the defendant made no response, although his attorney objected to allowance of the amendment because of it being a different tract of land than that described in the complaint and concerning which testimony had been introduced. And after the plaintiff had, in reopening her case, amended her testimony as to the location of the land in question, and again rested, the court, addressing defendant's counsel, said: "You may introduce any evidence, Mr. Parcells, that you desire to introduce, just the same as if you were now opening the case for the defendant. In other words, you may introduce any evidence or any defense that you desire to interpose under the allegations of the answer, the same as if Mr. McHenry had never taken the stand." Parcells: "At this time the defendant states for the record that he is not prepared to meet the issues presented by the amended complaint and testimony now offered and therefore offers no testimony." Court: "Very well. That is, you want your testimony offered to stand as to this?" Parcells: "No." Court: "No evidence offered at all?" Parcells: "No." Court: "All right. I will say to the defendant and his counsel that the mere matter of description of this land being placed in the wrong township cannot, in my opinion, or any other reasonable person's opinion, mislead any defendant as to his defense in this case, and the reason for the court denying your request for further time is that you were not misled in any manner whatsoever, and could not have been. That is the position the court takes in allowing this case to go to the jury with virtually an instructed verdict. Do you have any further instructions to offer on either side?" * * * Attorney Smith, for the plaintiff: "At this time, your Honor, for the purpose of the record, because the issues have not been tried, the defendant having

stated that he did not desire to put in any evidence, and there being no evidence in the record disputing the contract, as it applies to the complaint as amended, and there being no dispute in the case, plaintiff at this time moves the court that the jury be instructed and directed to bring in a verdict in accordance with the plaintiff's complaint on file herein." Court: "The motion is granted. However, gentlemen of the jury, I am going to submit to you instructions—two of them— that you may yourselves determine the amount of damages and rental that will be applicable." Thereupon the court instructed the jury as follows: "If you believe from a preponderance of the evidence that the plaintiff rented the real estate described in the amended complaint for a two-year period from March 1, 1923, to March 1, 1925, at an agreed rental of $150.00 per year, and that the defendant thereupon entered upon and took possession of said land and used and occupied the same for said period, then your verdict must be for the plaintiff; and you are instructed that if you find the issues in favor of the plaintiff and against the defendant, that the measure of plaintiff's damage will be the amount of the unpaid rental for the full term of two years, as disclosed by the evidence, with interest at the rate of eight per cent. per annum from the first day of March, 1925."

The jury by its verdict found in favor of the plaintiff for the sum of $275 with interest at the rate of eight per cent per annum from March 1, 1925. Judgment was entered accordingly. The defendant moved for a new trial, which was denied and the cause is now before us on appeal from the judgment.

Of the defendant's several assignments of error but three questions are presented which merit consideration in disposition of this appeal, viz.: (1) Did the court err in permitting the plaintiff to amend her complaint and in reopening the case? (2) May the plaintiff recover upon an oral contract for the leasing of lands for a period of more than one year where the contract has been fully executed? And (3) Is the action barred by the statute of limitations?

1. Section 9187 of the Revised Codes of 1921, so far as here pertinent, provides: "The court may, in furtherance

of justice, and on such terms as may be proper, allow a party to amend any pleading or proceeding by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect; and may, upon like terms, enlarge the time for answer, reply, or demurrer. The court may likewise, in its discretion, after notice to or in the presence of the adverse party, allow, upon such terms as may be just, an amendment to any pleading or proceeding in other particulars.''

The power conferred on the court by this section is discretionary, and its exercise will not be revised except for a clear abuse of discretion. (*Greene* v. *Rowan*, 29 Mont. 263, 74 Pac. 456; *Cullen* v. *Western Mortgage & W. T. Co.*, 47 Mont. 513, 134 Pac. 302; *Buhler* v. *Loftus*, 53 Mont. 546, 165 Pac. 601.) And in proper cases the court may, even of its own motion, direct an amendment and, if no abuse of discretion is shown, such action will on appeal be approved. (*DeCelles* v. *Casey*, 48 Mont. 568, 139 Pac. 586.)

The defendant's contention, as we understand it, is that there was no sufficient showing to move the legal discretion of the court in permitting the amendment to the complaint; and in the absence of such showing, and in view of the fact that the defendant pleaded the statute of limitations as a bar to the action, the court abused its discretion. There is no merit to this contention, since the defendant introduced no evidence respecting the bar of the statute of limitations and made no attempt to urge it on the trial as a defense. We do not think that the defendant could have been misled or prejudiced in his defense by the amendment. He knew whether or not he had leased and occupied lands owned by the plaintiff and, if so, the location thereof. The mistake made was merely a clerical error, and in our opinion the court was not guilty of an abuse of its discretion in permitting the amendment in the interest of justice, and in allowing the plaintiff to reopen her case, the rights of the defendant having been fully safeguarded as shown by the court's order. The court, in our opinion, not only did not abuse its discretion, but, on the contrary, exercised good judgment and common sense.

2. The statute provides, so far as here pertinent to be considered: "In the following cases the agreement is invalid, unless the same or some note or memorandum thereof be in writing, and subscribed by the party charged, or by his agent; evidence, therefore, of the agreement cannot be received without the writing or secondary evidence of its contents: (1) An agreement that by its terms is not to be performed within a year from the making thereof. * * * (5) An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged." (Sec. 10613, Rev. Codes 1921.) And to the same effect are the provisions of section 7519, Id., prescribing what contracts must be in writing.

Our court, under these statutes, in accordance with the great weight of authority has held that they can have no application to oral contracts which have been fully executed. (*Wells* v. *Waddell*, 59 Mont. 436, 196 Pac. 1000.) In the case just cited it was held, and we think correctly, that "the statute of frauds was never intended to cloak fraud, but to prevent it. Its aim was to avoid the assertion of claims which from their very nature should be evidenced only by an instrument in writing signed by the party to be charged or his agent thereunto duly authorized. But when a tenant has occupied the demised premises voluntarily for the full term of the lease, he may not invoke the invalidity of the contract to shield him from payment of the rent. (*Webster* v. *Nichols*, 104 Ill. 160; 2 Reed on Statute of Frauds, par. 639; Brown on Statute of Frauds, sec. 116; Wood on Statute of Frauds, sec. 277; 25 R. C. L. 706.)"

While an oral contract which as an executory agreement is invalid by reason of the statute of frauds, when it has been completely executed in accordance with its terms, it is thus taken out from under the operation of the statute. (*Stillinger* v. *Kelly*, 66 Mont. 441, 214 Pac. 66; *Mosher* v. *Sanford-Evans Co.*, 68 Mont. 64, 216 Pac. 811; *McIntyre* v. *Dawes*, 71 Mont.

367, 229 Pac. 846; *Hogan* v. *Thrasher*, 72 Mont. 318, 233 Pac. 607; *Gravelin* v. *Porier*, 77 Mont. 260, 250 Pac. 823.) A fully executed parol contract cannot be affected by the statute of frauds, and cannot be assailed by the parties, or by third persons, on the ground that it is not in writing. The rule is the same where full performance is by one of the parties only. (12 Cal. Jur., p. 927.)

"The great weight of authority supports the rule that the statute of frauds has no application where there has been a full and complete performance of the contract by one of the contracting parties, and the party so performing may sue upon the contract in a court of law; he is not compelled to abandon the contract and sue in equity or upon a *quantum meruit*. Particularly is this said to be true where the agreement has been completely performed as to the part thereof which comes within the provisions of the statute, and the part remaining to be performed is merely the payment of money." (27 C. J., sec. 430.) And it is the general view that, in the case of oral contracts respecting land, "part performance under an oral lease or contract for a lease may be such as to take the transaction out of the operation of the statute. The usual ground on which courts of equity interfere in case of oral leases as to which there has been part performance is that equity will not permit the statute to operate as an engine of fraud, or in other words that it will interfere for the purpose of preventing the injustice which would arise from permitting a party to escape from the obligations of his agreement where the other party, on the faith of such agreement, has in presumptively good faith acted in execution thereof. To warrant the enforcement of the oral agreement the terms of the lease must be certain, the agreement itself must be clearly and satisfactorily proven, and the acts relied on to constitute part performance must be referable to the contract and appear to have been done solely with the view to the agreement being performed. For the reason that equitable relief by way of specific performance must be mutual, it seems that if there has been sufficient execution or performance of the oral contract to entitle the lessee to enforce it, the lessor has the same equity,

and will himself be equally entitled to specific performance."
(25 R. C. L., pp. 567, 568.)

The part performance of an oral contract which will avoid
the statute of frauds may consist of any act which puts the
party performing in such a situation that nonperformance by
the other would be a fraud upon the person executing his part
of the agreement according to its terms. (*Eccles* v. *Kendrick*,
80 Mont. 120, 259 Pac. 609; *Shaw* v. *McNamara & Marlow*, 85
Mont. 389, 278 Pac. 836; 27 C. J., pp. 343, 344.)

The case of *Dreidlein* v. *Manger*, 69 Mont. 155, 220 Pac.
1107, relied on by counsel for the defendant, involved an ex-
ecutory contract of employment alleged to have been entered
into for a period of three years, terminated by action of one
of the parties at the end of the first year. The plaintiff at-
tempted to recover upon the contract, but a distinction was
drawn between executory and executed parol agreements, and
with approval we quoted the following from volume 25 Ruling
Case Law, page 461: "The fact that a contract is to be or
may be partially performed within a year does not take it out
of the operation of the statute. The term 'performance'
means complete performance. Thus where a defendant agrees
to perform certain acts during successive years, the fact that
he performed the contract during some of the years does not
take it out of the statute so as to render him liable for the
breach of the contract on account of his refusal of further
performance." As to part performance and the right of re-
covery in consequence notwithstanding the statute of frauds,
the situation is wholly different here than in the *Manger Case.*
There the contract was executory in its entirety, while in the
case before us it was fully performed by the plaintiff. The
defendant occupied and used the leased land for the term of
the lease, made payment of a part of the rent, and all that
remains to be done is for the defendant to make payment of
the balance of the agreed rental. The rule is that where an
oral lease contract is wholly executed by the lessor, it is taken
out of the statute, and all its other stipulations are enforce-
able, and the lessee cannot set up the statute of frauds in de-
fense of an action to recover the rent due. (27 C. J. 355.)

3. The complaint states but a single cause of action upon an executed oral contract, as to which the defendant pleaded the statute of limitations. This defense is directed to the plaintiff's cause of action in its entirety. As to the contract the plaintiff testified: "He [defendant] agreed to give me $150.00 a year for the place for two years, 1923 and 1924, ending in the year 1925, March 1st; he was to take possession of the place March 1, 1923; that was the understanding there at that time; there was no understanding at that time as to when he would make payment of this rental. * * * He paid me twenty-five dollars in the fall of 1923, October; * * * he has never paid me anything else; I have talked to Mr. McHenry in reference to this indebtedness on more than one occasion; he has not disputed the indebtedness; he has made offers to pay it to me; just made promise, orally; he made objections to the amount; he thought he was paying too much; after he had had the use of it two years, why he said he paid too much; during the Fair at Billings, 1929, was the last time I talked to Mr. McHenry about this; at that time I asked him for the money; he said he couldn't do anything for me that day, but he was going to sell some oil royalties and within a short time he would meet me in Billings in two weeks and make settlement; when he paid me the twenty-five dollars in the fall of 1923 there was nothing said about the balance then."

Thus it will be seen that by the terms of the agreement the defendant agreed to pay the plaintiff "$150.00 *a year* for the place." In other words, a yearly rental was agreed upon, which, in the absence of agreement to the contrary, made the rent payable at the end of each year. (Sec. 7747, Rev. Codes 1921.) So that under the contract there was due the plaintiff at the end of the first year of the tenancy the sum of $125, allowing credit on the first year's rent of the sum of $25, paid by defendant in October, 1923. The action was not instituted until December 4, 1929. The statute of limitations by the defendant pleaded, subdivision 1 of section 9030 of the Revised Codes of 1921, provides that an action upon a contract, account or promise, not founded upon an

instrument in writing, must be commenced within a period of five years. Here the action was begun on December 4, 1929,— more than five years after the first year's rental became due, that is, after March 1, 1924. However, as to the rent due on March 1, 1925, it was commenced within the time limit prescribed.

This defense being directed to the plaintiff's cause of action in its entirety, it is of no avail. The rule is that where the cause of action consists of separate items or demands, and a part only is subject to the defense of the statute of limitations, a plea of the statute of limitations directed to the whole cause of action is bad. (37 C. J., p. 1227.)

Upon petition for rehearing the original opinion is withdrawn and amended and, as amended, now constitutes the decision of this court. A rehearing is denied and the judgment will stand affirmed.

MR. CHIEF JUSTICE CALLAWAY and ASSOCIATE JUSTICES FORD, ANGSTMAN and MATTHEWS concur.

Rehearing denied May 26, 1931.