FEATHERMAN, Appellant, v. KENNEDY, Respondent

No. 8813.

Submitted September 13, 1948.   Decided December 9, 1948.

200 Pac. (2d) 243.

Keeley & McElwain, of Deer Lodge, for appellant.   Mr. Keeley and Mr. McElwain argued the cause orally.

E. T. Irvine, of Philipsburg, for respondent.   Mr. Irvine argued the cause orally.

MR. JUSTICE ANGSTMAN:

This is an action to recover a commission for services rendered

in effecting a sale of real estate. A general demurrer to the complaint was sustained and the action dismissed. Hence the only question before us is whether the complaint states facts sufficient to constitute a cause of action.

Briefly summarized, the complaint alleges that defendant owned a ranch in Granite county consisting of approximately 1,840 acres; that defendant "orally entered into an agreement with plaintiff whereby the defendant agreed that if plaintiff could find anyone interested in the purchase of said ranch" upon certain alleged terms and "with whom the defendant would be able to negotiate a sale for said land" or "would introduce to defendant anyone to whom the defendant would be able to negotiate a sale" defendant would pay to plaintiff 5% of the sale price; that plaintiff accepted the offer and "did procure, produce and introduce to defendant a prospective purchaser for said party" with whom defendant negotiated a sale for $25,000; that pursuant thereto defendant and his wife executed a deed to the property and delivered it to such purchaser and took a mortgage to secure the unpaid purchase price; that the purchaser has met the requirement of the mortgage and at the time of the commencement of this action had paid $7,000 of the purchase price of the property besides interest on deferred payments; that there became due to plaintiff the sum of $1,250, which defendant has refused to pay.

For a second cause of action plaintiff alleges the same facts contained in the first cause of action except that instead of pleading an express oral agreement he seeks recovery on a quantum meruit.

While other questions are presented in the briefs of counsel, the only point we need consider, since it is determinative of the case, is that of the applicability of the Statute of Frauds. While the general Statute of Frauds does not apply to an agent employed to sell real estate (8 Am. Jur., p. 1001, sec. 22); many jurisdictions including Montana, have enacted statutes requiring such agreements to be in writing. 8 Am. Jur., p. 1002, sec.

258

24. The statute, section 7519, Revised Codes of Montana 1935, reads:

"The following contracts are invalid, unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged, or his agent: * * *

"6. An agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or commission."

Plaintiff contends that this section does not apply to a situation as here where all that he agreed to do was to find a purchaser but where he had no authority to make a conveyance. He contends that the statute, as to sales of real estate as distinguished from a purchase, applies only to those cases where the agent has authority to convey the property. The statute is not open to that interpretation. Section 7519 must be read as a whole. Subdivision 5 thereof specifically requires the authority of the agent to lease or sell real estate or any interest therein to be in writing and this regardless of the question of compensation or a commission. Subdivision 6 specifically requires a written agreement when the agent is employed for compensation or a commission. That subdivision applies when the subject matter of the agency is real estate as distinguished from personal property and where compensation or a commission is claimed. O'Neill v. Wall, 103 Mont. 388, 62 Pac. (2d) 672; Kramer v. Schmidt, 62 Mont. 568, 206 Pac. 620; Dabney v. Edwards, 5 Cal. (2d) 1, 53 Pac. (2d) 962, 103 A. L. R. 822; Silvertooth v. Kelley, 162 Or. 381, 91 Pac. (2d) 1112, 122 A. L. R. 1329; Myers v. Arthur, 135 Wash. 583, 238 Pac. 899.

In applying our statute to facts very similar to those here ▇ pleaded, this court in Skinner v. Red Lodge Brewing Co., 79 Mont. 292, 256 Pac. 173, 175, said: "* * * the law is settled by repeated decisions that a brokerage contract for the sale of real estate in this state must be in writing and subscribed by the party to be charged, or his authorized agent, in order to permit a broker to recover compensation or a commission on the

sale of real estate by the owner." (Citing a number of Montana cases.)

In King v. Benson, 22 Mont. 256, 56 Pac. 280, 281, this court said: "No matter what services were rendered to defendant by Langhorne, and accepted by defendant, no recovery can be had for them, under the proof in this record, because there was no note or memorandum of any contract for such services in writing."

In Newman v. Dunleavy, 51 Mont. 149, 149 Pac. 970, 972, this court said: "Plaintiff relied upon the letter of September 25, 1911, and the correspondence which preceded it, to constitute his contract of employment. He does not contend that any other agreement in writing was ever in force between him and the defendants; and since that contract was revoked on November 1, 1911, any understanding which he may have had with defendants thereafter would not furnish a basis for the present action. Plaintiff had to assume the burden of showing that, at the time he produced a purchaser ready, able, and willing to buy upon defendants' terms, there was then an existing contract of employment between himself and the defendants, such as would be valid under the statute of frauds above. Brophy v. Idaho Produce & Provision Co., 31 Mont. 279, 78 Pac. 493. This he failed to do, and the nonsuit followed as of course." To the same effect is Dick v. King, 73 Mont. 456, 236 Pac. 1093.

California has an identical statute and construes it as we do ours. Marks v. Walter G. McCarty Corp., Cal. App. 194 Pac. (2d) 816, 821. The purpose of the statute was well expressed by the court in the Marks case where it said: "The purpose of this statute is to prevent fraud and perjury in the enforcement of obligations depending for their evidence on the unassisted memory of witnesses by requiring that enumerated transactions be evidenced by a writing signed by the party to be charged. The salutary effect of such a statute which is clear, unambiguous, and which has been widely publicized among persons engaged in real estate transactions, should not be limited or re-

stricted by strained judicial construction to defeat the purpose of the people as expressed through their legislature."

May the plaintiff recover on a quantum meruit? The applicable rule is stated in 8 Am. Jur., page 1080, section 161, as follows: "In many jurisdictions statutes have been enacted requiring contracts for the employment of real-estate brokers to be reduced to writing which preclude recovery for services rendered by the latter pursuant to an oral agreement, even upon the basis of a quantum meruit."

The reason for denying recovery on a quantum meruit was well stated by the Supreme Court of Wisconsin in Hale v. Kreisel, 194 Wis. 271, 215 N. W. 227, 228, 56 A. L. R. 780, where it quoted from a prior case as follows:

" 'The statute was doubtless enacted for reasons similar to those which led to the enactment of the statute of frauds. It was to prevent frauds and perjuries. Its enforcement will sometimes protect brokers who have rendered valuable services too little appreciated. More often it will protect owners from unfounded claims. It will tend to prevent the flood of litigation arising out of misunderstandings between well meaning persons. We believe that in order to carry out the legislative intent we should hold contracts void which do not substantially comply with the statute. In other words, that the statute means what it says.' Gifford v. Straub, 172 Wis. 396, 399, 400, 179 N. W. 600. (Citing cases.)

"To hold that there can be recovery upon quantum meruit is 'to open the door to the very abuses the statute was enacted to prevent, and defeat its manifest purpose.' · Barney v. Lasbury, 76 Neb. 701, 107 N. W. 989, 991."

In summing up the holding of the courts generally, the Supreme Court of Wisconsin in the Hale case further said: "Every other adjudicated case that the court has found that has passed upon the question has held that the rule permitting recovery on quantum meruit for services rendered under contracts void under the statute of frauds does not warrant a recovery upon quantum meruit for commissions which measure the reasonable

value of the services performed in buying and selling real estate. The obvious reasons for these decisions is that the application of the rule which permits recovery upon quantum meruit to the case of real estate brokers absolutely nullifies these statutes which declare every such contract to be void if not in writing. These statutes leave no opportunity for the law to imply a contract.''

Nor can recovery be had on the theory that the oral agreement has been performed by the agent. Such contention was made in Weatherhead v. Cooney, 32 Idaho 127, 180 Pac. 760, 761, where the court said:

''We think the construction contended for by appellant would absolutely nullify the statute. From its very nature a claim for commission cannot be made until earned. The sale is made, or the agent procures the purchaser ready and able to buy, and not until then does the right to the commission accrue. It accrues by virtue of a contract express or implied. But the statute says that no such contract shall be valid unless in writing. To hold that performance takes a claim of this character out of the operation of the statute would, in our opinion, leave nothing for the statute to operate on. Such construction would render the statute useless and meaningless, and would be tantamount to saying that any contract for a commission or reward for the finding or procuring of a purchaser of the real estate of another is valid, though not in writing and not signed by the owner of such real estate, which is directly opposite to the expressed will of the Legislature. The causes, theory, and necessity of such legislation are discussed in some of the following cases, which support the conclusion we have reached: (Citing cases).

''Some of the statutes construed in the cases cited by appellant provide that no such contract shall be valid unless in writing; other statutes make such contract void unless in writing; others provide that no action shall be brought on such contract unless it is in writing. Though we recognize the distinction between void and voidable contracts, we are, nevertheless, unable to see why recognition of the right to recover under the oral

contract alleged herein, or under a quantum meruit for the reasonable value of services rendered by the appellant herein, would not completely abrogate the statute.''

The Supreme Court of Wisconsin reached the same result in the Hale case, supra. And to the same effect are: Case v. Ralph, 56 Utah 243, 188 Pac. 640; Laker Land & Loans v. Nye, 40 Idaho 793, 237 Pac. 630; Keith v. Smith, 46 Wash. 131, 89 Pac. 473, 13 Ann. Cas. 975 and note on page 977.

The fact that the contract between the buyer and seller of the real estate has been fully performed has nothing to do with the contract between the seller and the agent claiming a commission. Nor does the case of Besse v. McHenry, 89 Mont. 520, 300 Pac. 199, militate against this holding. In that case subdivision 5 of section 7519 and section 10613 were involved. It affected a lease of land for a two-year period. The lessee took possession of the land and held it for two years. He paid part of the rental. Obviously under those circumstances he would not be permitted to use the statute of frauds as a defense to an action for the payment of the balance due. In that case the thing that was required to be in writing, viz. the lease, was fully executed. That is not true here. Defendant has done nothing that can be said to be referable to the oral agreement to pay a commission. The case of Cobb v. Warren, 64 Mont. 10, 208 Pac. 928, so far as it treats of the effect of an executed oral agreement had to do with an oral agreement modifying a written agreement, which is expressly authorized by statute, section 7569, Revised Codes of 1935. It has nothing to do with the question here involved.

Since plaintiff pleads that he has no written agreement but that it rests in parol, the complaint shows on its face that he cannot recover under any theory. The court properly sustained the demurrer and properly dismissed the action.

The judgment is affirmed.

Mr. Chief Justice Adair and Associate Justice Metcalf concur.

MR. JUSTICE CHOATE, dissenting:

I am unable to concur in the conclusions reached by my asso-

ciates relative to the disposal of this case. The majority opinion holds that the only question which need be determined is that of the applicability of the Statute of Frauds and that the agreement involved in this case comes within subdivision 6 of section 7519, Revised Codes of 1935, which provides that an agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission, is invalid unless the same or some note or memorandum thereof be in writing and subscribed by the party to be charged or his agent.

If it be conceded that the agreement involved in this action is an agreement authorizing an agent or broker to purchase or sell real estate the conclusion might be tenable that said agreement was within the Statute of Frauds above referred to. However unless the agreement was one authorizing an agent or broker to purchase or sell real estate it obviously does not come within the statute referred to. As I read the facts in this case, plaintiff was not authorized or empowered to either purchase or sell real estate. He was employed only to find someone interested in the purchase of the ranch and to ''produce and introduce'' such person to defendant with whom defendant might be able to negotiate a sale. That was all that plaintiff was employed to do and that was all he did. When defendant completed the sale of his ranch to the purchaser produced and introduced to him by the plaintiff, plaintiff's agreement with defendant was fully executed by plaintiff and that agreement involved neither the purchase nor sale of real estate nor the doing of any act relating to the transfer of title to real estate. Hence the agreement was not within the Statute of Frauds in so far as the sale of real estate is concerned.

In 8 Am. Jur., page 1001, section 22, the law is stated as follows: ''The provisions of the general statute of frauds, requiring contracts for the sale or purchase of real or personal property to be in writing, have no application to a mere contract of employment by which one person is to act as the broker of another in negotiating a sale or purchase of the property of the

latter.'' (Citing numerous authorities in the accompanying case Note No. 10.)

In 37 C. J. S., Frauds, Statute of, sec. 69, pages 577, 578, discussing the Statute of Frauds, the author states the law as follows: ''The statute of frauds ordinarily embraces all interests in realty, whether corporeal or incorporeal; but it does not extend to agreements which, although in some manner relating to realty, do not contemplate the transfer of title, ownership, or possession.''

This court has also recognized the principle that in order to be within the Statute of Frauds an agreement for the sale of real estate must be an agreement for the sale of an interest·in land. Thus in Kramer v. Schmidt, 62 Mont. 568, 206 Pac. 620, it is held that under an option to buy land the person to whom such option is granted acquires thereby no interest in the property itself and that the giving of such option did not amount to the employment of the plaintiff as a broker or agent to buy land or an interest in land and was not therefore within the provisions of section 7519.

*Effect of Performance.* Not only was the agreement between plaintiff and defendant not one for the purchase or sale of real estate and hence not within the statute, but if it be assumed that it ever was within the statute it was taken out of the statute by full performance by one of the parties thereto. The amended complaint alleges that plaintiff fully performed all the terms and conditions of his oral contract with defendant and that the agreement between plaintiff and defendant was completely executed except for payment of the agreed compensation to the plaintiff. Upon such performance the contract was no longer executory and if it was ever subject to the Statute of Frauds it was taken out of the statute by plaintiff's complete performance. In Besse v. McHenry, 89 Mont. 520, 527, 300 Pac. 199, 201, this court said: ''While an oral contract which as an executory agreement is invalid by reason of the statute of frauds, when it has been completely executed in accordance with its terms, it is thus taken out from under the operation of the

statute. Stillinger v. Kelly, 66 Mont. 441, 214 Pac. 66, 68; Mosher v. Sanford-Evans Co., 68 Mont. 64, 216 Pac. 811; McIntyre v. Dawes, 71 Mont. 367, 229 Pac. 846; Hogan v. Thrasher, 72 Mont. 318, 233 Pac. 607; Gravelin v. Porier, 77 Mont. 260, 250 Pac. 823. A fully executed parol contract cannot be affected by the statute of frauds, and cannot be assailed by the parties, or by third persons, on the ground that it is not in writing. The rule is the same where full performance is by one of the parties only. 12 Cal. Jur., p. 927.''

To the same effect is Cobb v. Warren, 64 Mont. 10, 208 Pac. 928, holding that under subdivision 6 of section 7519, the original agreement or subsequent modification of a contract employing a broker to sell real estate applies only so long as the contract is executory but does not apply where the contract has been executed.

The majority opinion cites Marks v. Walter G. McCarty Corp., Cal. App., 194 Pac. (2d) 816. That case does not pass upon the chief ground on which this dissent is based. It does not decide whether or not the agreement between the parties in that case was an agreement for the purchase or sale of real estate. Neither does it decide what the rule of law would be if it had been determined that the contract was not (as in our case) one for the sale of real estate.

In view of my conclusion that plaintiff was entitled to recovery on his express contract as not within the Statute of Frauds, it is unnecessary to discuss the question of recovery on a quantum meruit. I think, however, that the court should have passed upon the question whether plaintiff was a real estate broker within the meaning of section 4058, Revised Codes of 1935, and should have announced the law that the plaintiff was not a real estate broker within the meaning of said section, in view of the fact that he made but one single real estate transaction within the year. See Harbolt v. Hensen, 78 Mont. 228, 253 Pac. 257, in which this court held that the provisions of section 4075 that one acting in the capacity of a real estate broker cannot maintain an action for compensation unless he alleges

and proves that at the time the cause of action arose he was duly licensed to act as a broker, have no application to one who acts in that capacity in connection with a single transaction.

In my opinion the order of the trial court sustaining the demurrer to the amended complaint and the final judgment dismissing said complaint and the order taxing costs should be reversed and overruled and the amended complaint should be reinstated and the defendant permitted to plead thereto as he may be advised.

MR. JUSTICE GIBSON, dissenting:

The contract pleaded is not a contract employing plaintiff to purchase or sell real estate and is therefore not within the provisions of subdivision 6, section 7519, Revised Codes of 1935. I am of the opinion the demurrer to the complaint should have been overruled and because of this I dissent.